UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **MARY E. BASS,**<br>    5941 Norham Drive<br>    Alexandria, Virginia 22315,<br><br>            **Plaintiff,**<br><br>v.<br><br>**SHEILA C. BAIR,**<br>    Chairwoman,<br>    Federal Deposit Insurance Corporation,<br>    550 17th Street, N.W.<br>    Washington, D.C. 20429,<br><br>            **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**
**(Employment Discrimination and Retaliation)**

**Introduction**

1.      Plaintiff Mary E. Bass, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e *et seq.*, and as further amended by section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to remedy acts of employment discrimination perpetrated against her by the defendant on account of her race and in retaliation for her having previously charged management at the Federal Deposit Insurance Corporation with race discrimination and successfully litigated that charge in this Court, which resulted in her obtaining a promotion to the CG-14 level and receiving substantial damages as well as the full payment of her costs and attorneys' fees. Herein, Ms. Bass contends that management at the Federal Deposit Insurance Corporation has subjected her -- and continues to subject her -- to

harassment not only based on her race (African American), but also in retaliation for her prior EEO success.

## Jurisdiction

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e *et seq.*, and as further amended by section 102 of the Civil Rights Act of 1991 (hereinafter "Title VII"), plaintiff having exhausted her available administrative remedies by receiving a final agency decision on her administrative discrimination complaint (FDICEO-050030) on May 1, 2006 -- within 90 days of the filing of the instant complaint.

## Venue

3. Venue is proper in this judicial district under 28 U.S.C. Section 1391(b) and 42 U.S.C. Section 2000e-5(f)(3), as the incidents complained of occurred within the District of Columbia.

## Parties

4. Plaintiff Mary E. Bass is a African American female citizen of the United States. She is currently, and was at the time of the events giving rise to this Complaint, employed by the Federal Deposit Insurance Corporation at CM-I level with an official work site at the Federal Deposit Insurance Corporation's offices at 1730 Pennsylvania Avenue, N.W., Washington, D.C.

5. Defendant Sheila C. Bair is the Chairwoman of the Federal Deposit Insurance Corporation ("FDIC"), an independent corporation in the Executive Branch of the Government of the United States that has had more than 500 employees in 20 or more calendar weeks during the past year. It is managed by a five-member board of directors appointed by the President and

confirmed by the Senate. As Chairwoman of the FDIC, Ms. Bair is the head of the FDIC and is responsible for the personnel actions, omissions and practices thereof. As such, Ms. Bair is here sued only in her official capacity as head of the FDIC.

### Statement of Facts

6.  Plaintiff Mary Bass was the victim of race discrimination in promotion practices at FDIC in the past, and she successfully sued the FDIC on concerning this racially-driven non-promotion in this Court (*Bass v. Tanoue*, Civil Action No. 00-115 DAR (DDC)). She received a large award of compensatory damages from the jury and was provided equitable relief including a promotion to a CG-14 supervisory position in acquisition management job and attorneys' fees and costs by the Court. After FDIC noted an appeal (*Powell v. Bass*, Appeal No. 02-5027 (D.C. Cir.)), the case was settled with, *inter alia*, Ms. Bass being promoted to a CG-14 supervisory position in acquisition management at the FDIC, without having to serve a probationary period, being paid a large sum of money as compensatory damages, and having her attorneys' fees and other costs paid by FDIC. The settlement was a total victory for Ms. Bass, particularly as it followed a jury verdict in her favor with an award of compensatory damages of well over a million dollars -- which had been well-publicized in a front-page article in the Business Section of the *Washington Post.*

7.  For the several years following the resolution of her earlier race discrimination case (Civil Action No. 00-115 DAR (DDC); *Powell v. Bass*, Appeal No. 02-5027 (D.C. Cir.)), Ms. Bass has successfully performed in her supervisory acquisition management job -- Chief of the Divisional Contracting Unit, Acquisition Services Branch ("ABS"), Division of Administration ("DOA"), FDIC -- which she has held since October 2003. In this position, Ms. Bass's work site was at all times relevant to the events at issue here was located at the FDIC' facility at 1730 Pennsylvania Avenue,

N.W., Washington, D.C. On April 1, 2004, she was converted from a CG-14 grade to a Corporate Manager ("CM") designation, which had an annual salary at the time of about $115,000. By 2005, Ms. Bass had 20 years of federal service.

8. Unfortunately, despite excellent job performance, since the appointment of Ann Bridges-Steely as the Associate Director, ASB, DOA, Ms. Bass has suffered a campaign of harassment amounting to the creation of a hostile work environment for Ms. Bass on account of her race and in retaliation for her having successfully contended over the non-promotion based on race in the earlier, above-mentioned litigation. This campaign of unlawful discrimination has been orchestrated by Ms. Bridges-Steely, who is white, and is Ms. Bass's second-level supervisor.

9. Shortly after she became the Associate Director, ASB, Ms. Bridges-Steely, pointedly informed Ms. Bass that she had been informed -- presumably upper management in DOA and/or above that level at FDIC -- that Ms. Bass had successful sued FDIC on EEO grounds. This occurred in or about November or December 2003. Thereafter, though they had only limited contact (she was, after all, only Ms. Bass's second-level supervisor), Ms. Bridges-Steely always treated Ms. Bass coldly. This distressed Ms. Bass both because it followed Bridges-Steely's pointed comment that she had been told of Ms. Bass's prior EEO activity and there was no discernable legitimate justification for such treatment.

10. This hostile work environment made Ms. Bass feel uncomfortable at work when having to deal with Ms. Bridges-Steely and otherwise, but she soldiered on in her work as a supervisory acquisition professional in ASB. Finally, Ms. Bridges-Steely using a racial epithet ("Missy") in addressing Ms. Bass in a nakedly hostile manner in front of her immediate supervisor, Thomas Harris, another white person. Ms. Bridges-Steely pointedly and intentionally used this racial

epithet in ending a conversation with Ms. Bass and directing her back to work. It shocked Ms. Bass.

11. Within a few minutes of having dismissed Ms. Bass from her presence with the use of the racial epithet, Ms. Bridges-Steely came to Ms. Bass's office to taunt her -- nastily inquiring how Ms. Bass "felt" about being called "Missy."

12. The above-described incidents occurred on February 3, 2005, and Ms. Bass sought EEO counseling that same day, actually speaking to an EEO counselor on February 4, 2005. Counseling having been ineffective, Ms. Bass timely filed a formal EEO administrative complaint on March 11, 2005 (FDIC EO-050030). A report of investigation ("ROI") was issued and received in by Ms. Bass in September 2005, and a final agency decision, signed April 25, 2006, was dispatched by the FDIC's Office of Diversity and received by Ms. Bass's counsel on May 1, 2006. The hostile environment created by Ms. Bridges-Steely for Ms. Bass has continued.

## Statement of Claims

### Count I -- Hostile Work Environment Based on Race

13. From the later part of 2003, and continuing thereafter, defendant, through plaintiff's second-level supervisors and others in her management at FDIC, has subjected Ms. Bass to a hostile work environment based on her race in violation of Title VII of the Civil Rights Act of 1964, as amended.

14. As a direct and proximate result of this hostile work environment created by defendant as an action of unlawful racial discrimination, plaintiff has suffered and continues to suffer career damage, personal and professional humiliation, and other emotional injuries, that have adversely affected her enjoyment of life. In addition, she has had to utilize leave and has thus suffered financially.

**Count II -- Hostile Work Environment Based on Retaliation**

15.     From the later part of 2003, and continuing thereafter, defendant, through plaintiff's second-level supervisors and others in her management at FDIC, has subjected Ms. Bass to a hostile work environment based on her having previously successfully press a claim of racial discrimination against FDIC (the successful litigation of *Bass v. Tanoue*, Civil Action No. 00-115 DAR (DDC), *Powell v. Bass*, Appeal No. 02-5027 (D.C. Cir.) on appeal) in violation of Title VII of the Civil Rights Act of 1964, as amended.

16.     As a direct and proximate result of this hostile work environment created by defendant as an act of unlawful retaliation, plaintiff has suffered and continues to suffer career damage, personal and professional humiliation, and other emotional injuries, that have adversely affected her enjoyment of life.  In addition, she has had to utilize leave and has thus suffered financially.

## **Prayer for Relief**

Plaintiff therefore requests the following relief with regard to the injuries she has suffered and from which she continues to suffer as a consequence of defendant's unlawful conduct:

(a)     enter judgment in her favor and against defendant on each of the claims contained in this civil action;

(b)     award plaintiff compensatory damages (with interest thereon) against defendant to the fullest extent allowable under Title VII;

(c)     enjoin defendant from discriminating or retaliating against plaintiff in the future;

(d)     award plaintiff her costs of this action and the administrative complaint process that preceded it, including reasonable attorneys' fees (with interest thereon); and

(h)    award such other and further relief as the Court may deem just and appropriate.

## Jury Demand

Plaintiff hereby requests a trial by jury in the instant case on all issues of fact and on questioning pertaining to the level of compensatory damages to be awarded.

Respectfully submitted,

_____
David H. Shapiro
D.C. Bar No. 961326
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
Tel. (202) 483-0300
FAX (202) 842-1418
email -- dhshapiro@swickandshapiro.com

Attorney for Plaintiff