# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **MARY E. BASS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. 1:06CV01345** |
| | ) |
| **SHEILA C. BAIR,** | ) |
| **Chairman,** | ) |
| **Federal Deposit Insurance Corporation,** | ) |
| | ) |
| **Defendant.** | ) |

_____)

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Sheila C. Bair, in her official capacity as Chairman of the Federal Deposit Insurance Corporation, hereby moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint. The basis for this motion, as more fully set forth in the accompanying Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint, is that the single remark alleged to have created a hostile work environment, even if accepted as true, is insufficient to meet the legal standards for proof of a hostile work environment under Title VII.

In support of this motion, Defendant respectfully refers the Court to the

supporting memorandum.  An order granting the relief sought is attached to this motion.

Respectfully submitted,

/s/ Barbara Sarshik

_____

Barbara Sarshik
D.C. Bar No. 943605
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6012)
Arlington, VA 22226
(703) 562-2309
(703) 562-2482 (Fax)

William S. Jones
Georgia Bar No. 404288
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6006)
Arlington, VA 22226
(703) 562-2362
(703) 562-2482 (Fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
**MARY E. BASS,**                                  )
                                                          )
      **Plaintiff,**                               )
                                                          )
             **v.**                                     )      **Case No. 1:06CV01345**
                                                          )
**SHEILA C. BAIR,**                               )
**Chairman,**                                         )
**Federal Deposit Insurance Corporation,**   )
                                                          )
      **Defendant.**                             )
_____)

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT**

**I.        Introduction and Factual Background**

Plaintiff Mary Elizabeth Bass has been employed by the Federal Deposit

Insurance Corporation ("FDIC") as Chief of the Divisional Contracting Unit, Acquisition

Services Branch, Division of Administration, at all times relevant to this case.  Complaint

at ¶ 7.  Ms. Bass has brought a complaint alleging that she was subjected to a hostile

work environment based both on her race (Count I) and in retaliation for her prior

participation in EEO litigation against her employer (Count II), in violation of Title VII

of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act

of 1972, 42 U.S.C. §§ 2000e *et seq.*, and as further amended by section 102 of the Civil

Rights Act of 1991, 42 U.S.C. § 1981a.  Complaint at ¶¶ 1, 13-16.

In her Complaint, Plaintiff alleges a single discrete act in support of her hostile

work environment claims.  Specifically, she alleges that on February 3, 2005, she was

addressed as "Missy" on a single occasion by her then second-level supervisor, Ann

Bridges Steely.  Complaint, ¶ 10.  This allegation, even if accepted as true, is insufficient to meet the legal standards for proof of a hostile work environment.

## II.    Applicable Legal Standards

### A.  Hostile Work Environment

The Supreme Court has held that Title VII forbids "discriminatory conduct [that is] so severe or pervasive that it create[s] a work environment abusive to employees because of their race, gender, religion, or national origin . . ."  *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 22 (1993).  "When the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' Title VII is violated."  *Harris v. Forklift Systems*, 510 U.S. at 21 (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57 (1986) (internal citations omitted)).  "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment – an environment that a reasonable person would find hostile or abusive – is beyond Title VII's purview."  *Harris v. Forklift Systems*, 510 U.S. at 21.

To be a hostile work environment, "conduct must be so extreme as to amount to a change in the terms and conditions of employment."  *Faragher v. Boca Raton*, 524 U.S. 775, 788 (1998).  A single incident will not be considered so severe as to constitute a hostile work environment, except in extreme circumstances.  *See, e.g.*, *Stanford v. Potomac Electric Power Company*, 2006 WL 1722329 (D.D.C. June 21, 2006) and cases cited therein.   Even a few "offhand comments and isolated incidents" will not create a hostile work environment.  *Faragher v. Boca Raton*, 524 U.S. at 788.

The standards for judging a hostile work environment:

> are sufficiently demanding to ensure that Title VII does not become a "general civility code." Properly applied, they will filter out complaints attacking "the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing."

*Faragher v. Boca Raton*, 524 U.S. at 788 (internal citations omitted).

Additionally, whether an environment is hostile can be determined only by looking at all of the facts and circumstances. These include: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. Boca Raton*, 524 U.S. at 787-788 (quoting *Harris v. Forklift Systems*, 510 U.S. at 23). "Moreover, it must be clear that the hostile work environment was the result of discrimination based on protected status." *Silver v. Leavitt*, 2006 WL 626928, at *11 (D.D.C. March 13, 2006).

Hostile work environment claims, whether based on retaliation or racial discrimination, are judged under the same standard. *Brodetski v. Duffey*, 141 F. Supp.2d 35, 48 (D.D.C. 2001). *See, e.g.*, *Keeley v. Small*, 391 F. Supp.2d 30, 50 (D.D.C. 2005).

## B. Motion to Dismiss Pursuant to Rule 12(b)(6)

A court may not grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), cited in *Whitaker v. Thompson*, 239 F. Supp.2d 43, 47 (D.D.C. 2003) (Kessler, J.). When considering a motion to dismiss, the Court must treat factual allegations in the complaint as true and should also construe all reasonable inferences in the light most favorable to the plaintiff.

*Whitaker v. Thompson*, 239 F. Supp.2d at 47.  A motion to dismiss will be granted only if no relief could be granted on those facts.  "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint, nor must the court accept legal conclusions cast in the form of factual allegations."  *Whitaker v. Thompson*, 239 F. Supp.2d at 47-48 (quoting *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (internal citations omitted)).

This Court will dismiss a hostile work environment claim for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) where the allegations in a complaint are insufficient to support the claim.  *See, e.g., Stanford v. Potomac Electric Power Company*, 2006 WL 1722329 (D.D.C. June 21, 2006); *Shelton v. England*, 2005 WL 3273554 (D.D.C. 2005); *Brooks-Miller v. England*, 357 F. Supp.2d 197 (D.D.C. 2004).

### III.    Argument

### PLAINTIFF HAS NOT ALLEGED FACTS SUFFICIENT TO SUPPORT A HOSTILE WORK ENVIRONMENT CLAIM.

As previously described in Section I above, Plaintiff alleges that she experienced a hostile work environment based on both race and retaliation because of a single incident:  On one occasion, Plaintiff was called "Missy" by one of her supervisors. Complaint, ¶ 10.  This allegation is neither severe enough nor pervasive enough to state a claim for a hostile work environment, based on either racial discrimination or retaliation.

### 1.  The Alleged Incident Occurred Only Once.

An isolated incident cannot form the basis for a hostile work environment claim, except in extreme circumstances.  *Faragher v. Boca Raton*, 524 U.S. at 788.  Based on this principle, this Court has consistently rejected hostile work environment claims based

on isolated incidents.[1]

In one recent illustrative case, the D.C. Circuit affirmed this Court's grant of summary judgment in favor of an employer where the employee alleged that on different occasions she was told by a few co-workers to "go back to Trinidad," "go back to where [she] came from," to "shut up," and that she should never had been hired.  Affirming the district court, the D.C. Circuit stated:

> [T]he District Court correctly recognized that the facts alleged by George, even if true, would not permit a reasonable jury to conclude that George's workplace was "permeated with discriminatory intimidation, ridicule and insult that [was] sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment."  At best, they constitute exactly the sort of "isolated incidents" that the Supreme Court has held cannot form the basis for a Title VII violation.

*George v. Leavitt*, 407 F.3d 405, 416-417 (D.C. Cir. 2005) (internal citations omitted).

In another case, a federal agency employee alleged that she had been berated by a manager with a tirade of profanity during one telephone call, and she claimed that this conduct amounted to a hostile work environment. This Court rejected her claim, and was affirmed by the D.C. Circuit.  *Stewart v. Evans*, No. 00 Civ. 1241, at 6 (D.D.C. Feb. 6, 2001), *aff'd*, 275 F.3d 1126, 1234 (D.C. Cir. 2002).[2]  In rejecting her claim, this Court stated that "a single telephone call is not sufficiently severe and pervasive to constitute a

---

[1] *See, e.g., Ramey v. Potomac Electric Power Company*, 2006 WL 1102836 (D.D.C. March 31, 2006) ("One incident – though reprehensible if true – does not a hostile work environment make.");  *Stanford v. Potomac Electric Power Company*, 2006 WL 1722329 (D.D.C. June 21, 2006) (and cases cited therein).

[2] The district court's Memorandum Opinion dated February 6, 2001 is unpublished and unavailable on any electronic data base.  However, it is attached as an appendix to the circuit court's decision at 275 F.3d at 1131-36.

hostile work environment."  275 F.3d at 1133.  This Court also pointed out:

> Except in extreme circumstances, courts have refused to hold that
> one incident is so severe to constitute a hostile work environment.
> Even a few isolated incidents of offensive conduct do not amount
> to actionable harassment.
>      Applying these principles to plaintiff's claim of sexual
> harassment, it is clear that plaintiff cannot, as a matter of law,
> prove a prima facie case.  . . . [The plaintiff's] claim amounts to
> only one isolated incident of alleged sexual harassment."

*Stewart v. Evans*, 275 F.3d at 1134 (citations omitted).

Indeed, this Court has held that a hostile work environment does not exist even in

a case involving extremely offensive physical touching that occurred on only an isolated

basis.  *Tatum v. Hyatt Corp.*, 918 F. Supp. 5, 7 (D.D.C. 1994).[3]

Here, the complaint alleges nothing more than one isolated incident involving

conduct far less serious than in these other cases where this Court has refused to find a

hostile work environment.  Accordingly, the complaint should be dismissed for failure to

state a claim.

---

[3]  In *Tatum*, the plaintiff alleged that on one occasion, a more senior co-worker
unexpectedly wrapped his arms around the her neck and body, rubbed against her as if to
simulate sex, made comments about her physical attractiveness, and placed a piece of ice
in her front skirt pocket.  918 F. Supp. at 6-7.  Although *Tatum* was decided several years
ago, this Court has continued to rely upon it.  *See, e.g., Stanford v. Potomac Electric
Power Company*, 2006 WL 1722329, at *6 (D.D.C. June 21, 2006) (dismissing a hostile
work environment claim under Rule 12(b)(6)); *Ramey v. Potomac Electric Power
Company*, 2006 WL 1102836, at n. 8 (D.D.C. March 31, 2006).

**2. The Alleged Incident Is Not Severe Enough to Constitute a Hostile Work Environment.**

The remark allegedly made to the Plaintiff (calling her "Missy") was neither severe nor threatening, nor did it interfere in any way with the Plaintiff's performance on the job. At most, it is simple teasing or an offhand comment of the type that is insufficient to support a hostile work environment claim.

Recently, this Court rejected a hostile work environment claim, saying:

> Only two of the numerous incidents [plaintiff] cites bear even the slightest trace of reference to race. While the statements attributed to Pipkin ("aha, another Filipino") and Williams ("all Filipinos are happy-go-lucky") might be ignorant or offensive, these comments are "simply insufficiently severe" or pervasive "to create an abusive working environment."

*Santa Cruz v. Snow*, 402 F. Supp.2d 113, 129 (D.D.C. 2005) (citations omitted).

Similarly, the use of the word "Missy" does not bear even the slightest trace of reference to the Plaintiff's race.[4] Nor does the word bear any trace of reference to the Plaintiff's prior EEO activity. Indeed, the complaint does not even allege that her second-level supervisor called her "Missy" out of any motivation to retaliate against her for her prior EEO participation. This comment is simply insufficiently severe or

---

[4] To be a hostile work environment, a situation must be hostile or abusive to a reasonable person, as well as to the plaintiff. *Harris v. Forklift Systems,* 510 U.S. at 21-22. A reasonable person could not find the word "Missy" offensive in terms of racial discrimination. Indeed, we have been unable to find any cases in which the word "Missy" has led to a hostile work environment claim based on race. *Cf. Bahri v. Home Depot USA, Inc.*, 242 F. Supp.2d 922 (D. Or. 2002) (asserting a gender-based hostile work environment claim where one of the allegations was that a supervisor had referred to the plaintiff as "missy"); *White v. Midwest Office Technology, Inc.*, 5 F. Supp.2d 936 (D. Kan. 1998) (asserting a gender-based hostile work environment claim where one of the allegations was that a manager had referred to some employees by terms such as "missy," "filly," and "nanny-goat").

pervasive to support a claim for hostile work environment based on either race or retaliation.

In a recent illustrative case, this Court dismissed a hostile work environment claim pursuant to Rule 12(b)(6).  *Brooks-Miller v. England*, 357 F. Supp.2d 197 (D.D.C. 2004).  The plaintiff, an African-American female, alleged in her complaint that her female team leader engaged in the following conduct during a three month period:

- Inappropriately criticized the plaintiff during a meeting, and also addressed the plaintiff in an inappropriate and demeaning manner;

- Yelled at the plaintiff twice;

- Stated, referring to the plaintiff, "you never know how to take her";

- Made a derogatory remark about the plaintiff's phone ringing during a meeting; and

- Stated, referring to the plaintiff's recent arrival, "great, just what we needed, another black woman in the office."

The plaintiff also alleged that she was denied promotional opportunities afforded to other employees outside of her protected race class.  357 F. Supp.2d at 199-200.  Based on these actions, she contended that she had suffered a hostile work environment based on race.

The district court granted the federal government's motion to dismiss under Rule 12(b)(6), holding that the allegations in the complaint were not sufficient to support a claim for hostile work environment.  The court stated:

> The plaintiff's hostile work environment claim cannot be sustained
> because, in addition to failing to allege how [her team leader's]
> conduct constitutes "severe and pervasive" behavior, the plaintiff
> also fails to suggest why she believed the alleged harassment

occurred on account of her race, and how the harassment affected a
term, condition, or privilege of her employment.  Even if the
plaintiff could establish all of the facts alleged in her complaint,
the Court finds that she fails to state a claim for hostile work
environment.

357 F.Supp.2d at 201.

Here, the Plaintiff's claim – which alleges a single incident, not the many
incidents alleged in that case – is even weaker than the claim in that case.  The alleged
one-word utterance ("Missy"), made on one occasion, is not severe or pervasive enough
to alter the conditions of the Plaintiff's employment and thereby create a hostile work
environment.  Even if the Plaintiff could establish all of the facts alleged in her
complaint, she fails to state an actionable claim for hostile work environment.

## IV.    Conclusion

On a single occasion, the Plaintiff was called "Missy" by one of her supervisors. This incident is insufficient to meet the legal standard for a hostile work environment claim, based on either race or retaliation.  It is an isolated incident that is neither severe nor pervasive enough to state a claim for a hostile work environment.  Accordingly, the Defendant requests that the Court grant the Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ Barbara Sarshik

_____

Barbara Sarshik
D.C. Bar No. 943605
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6012)
Arlington, VA 22226
(703) 562-2309
(703) 562-2482 (Fax)

William S. Jones
Georgia Bar No. 404288
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6006)
Arlington, VA 22226
(703) 562-2362
(703) 562-2482 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2006, I caused a true and correct copy of

the foregoing Motion to Dismiss Plaintiff's Complaint and Memorandum In Support Of

Defendant's Motion To Dismiss Plaintiff's Complaint to be served on Plaintiff, through

counsel, by first-class mail, postage prepaid, addressed as follows:

> David H. Shapiro
> Swick & Shapiro, P.C.
> 1225 Eye Street, N.W.
> Suite 1290
> Washington, D.C.  20005

/s/ Barbara Sarshik

_____
Barbara Sarshik
Counsel
Federal Deposit Insurance Corporation

.