# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY E. BASS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:06CV01345 (GK)** |
| ) | |
| **SHEILA C. BAIR,** ) | |
| **Chairwoman,** ) | |
| **Federal Deposit Insurance Corporation,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### Introduction

Plaintiff brought this action because defendant subjected her to a hostile work environment based on her race and in retaliation for her successful discrimination complaint against the FDIC. In her complaint, Ms. Bass alleges that her second-level supervisor, Ann Bridges-Steely, a white female, subjected her to a hostile work environment because she is black and in retaliation for her prior protected activity. This short, plain statement of the claim satisfies the notice pleading standard. Nevertheless, defendant wishes this Court to require more. Specifically, defendant would have Ms. Bass set forth all facts and circumstances demonstrating a hostile work environment. Such detail is not required in an ordinary civil complaint.

Plaintiff's complaint even exceeds notice pleading requirements by offering a few details of her hostile work environment: that Ms. Bridges-Steely pointedly informed Ms. Bass that she was aware of Ms. Bass's prior protected activity; that Ms. Bridges-Steely proceeded to isolate and

treat her abusively after the conversation in which she revealed that she knew of plaintiff's prior EEO activity; that Ms. Bridges-Steely addressed Ms. Bass with a racial epithet ("Missy"); and that Ms. Bridges-Steely later taunted Ms. Bass on how she felt about being called "Missy."  None of this background evidence was intended to define the outer contours of Plaintiff's potential evidence of discrimination.  The facts cited thus far represent only a sample of the evidence of a hostile work environment, as is clear from the language of the complaint.  Defendant, however, treats the complaint as if it contains the totality of the circumstances.  Further, defendant mischaracterizes the facts alleged thus far and draws improper inferences in its own favor. Finally, defendant claims that plaintiff's case should be dismissed because plaintiff has not yet proved that the harassment was sufficiently severe or pervasive.  However, such considerations must wait until summary judgment – at the earliest.

In sum, plaintiff has clearly set forth a short and plain statement of the claim that gives notice of the nature of the claim and affords defendant an opportunity to respond.  This is all that the Federal Rules of Civil Procedure requires of a complaint.  Accordingly, defendant's motion to dismiss must be denied.

<u>Argument</u>

I.    Ms. Bass's Complaint Sufficiently States a Cause of Action

A.    Legal Standard

The purpose of a motion to dismiss is not to test whether the plaintiff will prevail on the merits, but rather whether the plaintiff has properly stated a cause of action.  *Glymph v. District of Columbia*, 180 F.Supp.2d 111, 113 (D.D.C. 2001).  The plaintiff's burden to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted is to

provide a complaint with a short and plain statement of the claim and the grounds on which it rests. *See* Fed.R.Civ.P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002*); Pinnacle Airlines, Inc. v. National Mediation Bd.*, 2003 WL 23281961, * 1 (D.D.C., Nov 05, 2003) (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, dismissal is appropriate under Rule 12(b)(6) only if defendant demonstrates that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46; *accord Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987) (citations omitted); *Phillips v. Bureau of Prisons*, 591 F.2d 966, 968 (D.C. Cir. 1979); *Pinnacle Airlines*, 2003 WL at *1 ("[T]he Court may dismiss a complaint for failure to state a cause of action only if it is clear that no relief could be granted under *any* set of facts that could be proved consistent with the allegations.")(emphasis added).

In determining whether Ms. Bass has properly stated a claim, the allegations in the complaint must be presumed true and liberally construed in her favor. *Phillips*, 591 F.2d at 968 (*citing Miree v. DeKalb County, Georgia*, 433 U.S. 25, 27 n. 2 (1977)). In addition, it is Ms. Bass who is entitled to every favorable inference that may be drawn from her allegations of fact. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

More specifically, Ms. Bass is not required to set forth the elements of a *prima facie* case in her complaint. *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C. Cir. 2000); *see also Swierkiewicz*, 534 U.S. at 511 ("Under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case"); *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (a complaint "need not plead law or match facts to every element of a legal theory"); *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 421-22 (D.C. Cir.1996) (a complaint

"need not allege all that a plaintiff must eventually prove"). To be sufficient, her complaint need only put the defendant on fair notice of the claim against it so it has an opportunity to file a responsive answer and to prepare an adequate defense. *Swierkiewicz*, 534 U.S. at 514. Indeed, the standard for surviving a motion to dismiss in an employment discrimination case is minimal. *See Rochon v. Ashcroft*, 319 F.Supp.2d 23 (D.D.C. 2004) ("The D.C. Circuit has promulgated a liberal pleading standard for discrimination allegations because discrimination claims are those upon which relief can be granted.").

      B.    Ms. Bass's Complaint States A Cause of Action for Race-Based Hostile Work Environment

In her complaint, Ms. Bass alleges that she has been made to endure a hostile work environment because of her race. This is all that is required to survive a motion to dismiss under Rule 12(b)(6). *See Lee v. Winter*, 439 F.Supp.2d 82, 86 (D.D.C. 2006)(holding that to be sufficient, all a hostile work environment complaint needs to say is that there was a causal connection between her protected status and the hostile work environment she endured)*; Stanford v. Potomac Electric Power Co.*, 2006 WL 1722329 (D.D.C. 2006); *see also Sparrow*, 216 F.3d at 1115 (agreeing that "'I was turned down for a job because of my race' is all a complaint has to say to survive a motion to dismiss under Rule 12(b)(6)")(internal citation omitted).

Recently, this Court reiterated this minimal requirement in *Lee*, 439 F.Supp.2d at 86, holding that the plaintiff (Lee) had sufficiently pled his hostile work environment claim based on the following: "Lee charges that the Navy 'unlawfully discriminated against [her] on the bases of EEO reprisal, race, and age when it subjected her to a hostile work environment.'" *Id.* This Court rejected the defendant's assertion that the conduct cited in the complaint itself was

"insufficient to constitute a hostile work environment," holding that "Lee plainly has stated a causal connection between her protected status and her hostile work environment claim, and that is all she is required to do at this stage." *Id.*; *see also Sparrow*, 216 F.3d at 1116 (noting that although the plaintiff had included facts to support the claim, "[t]his detail was more than was necessary to constitute the 'short and plain statement' required by Rule 8(a)").

Ms. Bass has not only met this standard, she has exceeded it. The complaint here alleges that Ms. Bass is an African-American woman who had engaged in prior EEO protected activity (thus establishing her protected status on both grounds – race and protected activity), that her second level supervisor had created a hostile work environment for her, and that the hostile work environment is causally connected to her protected status. *See* Complaint at ¶ 8 ("[S]ince the appointment of Ann Bridges-Steely as the Associate Director, ASB, DOA, Ms. Bass has suffered a campaign of harassment amounting to the creation of a hostile work environment for Ms. Bass on account of her race and in retaliation for her having successfully contended over the non-promotion based on race in the earlier, above-mentioned litigation."); *see also id.* at ¶ 10 ("Ms. Bridges-Steely using a racial epithet ('Missy') in addressing Ms. Bass in a nakedly hostile manner."). These statements alone suffice. *See, e.g., Sparrow*, 216 F.3d at 1115 (agreeing that "'I was turned down for a job because of my race' is all a complaint has to say to survive a motion to dismiss under Rule 12(b)(6).") (internal citation omitted).

Indeed, Ms. Bass's complaint sets forth several specific instances of disturbing conduct by her second-level supervisor. Ms. Bridges-Steely warned Ms. Bass that she knew about her highly successful lawsuit against the FDIC. *Id.* at ¶ 9. Shortly after this pointed comment, Ms. Bridges-Steely began to treat Ms. Bass with extreme hostility. *Id.* The evidence will show that Ms.

Bridges-Steely isolated and belittled Ms. Bass, tried to exclude her from meetings, and ostracized her from her peers and co-workers. Ms. Bass has not included all the facts surrounding the hostile environment, as that is not required at this stage; however, she has offered a sample of specific instances of conduct which connect the hostile treatment to her boss's knowledge of her participation in protected activity and to her race. *See Sparrow*, 216 F.3d at 1116 (noting that although the plaintiff had included facts to support the claim, "[t]his detail was more than was necessary to constitute the 'short and plain statement' required by Rule 8(a)").

Most significantly, the complaint details Ms. Bridges-Steely's hostile use of a racial epithet ("Missy") towards Ms. Bass: "Ms. Bridges-Steely pointedly and intentionally used this racial epithet in ending a conversation with Ms. Bass and directing her back to work. It shocked Ms. Bass."). *Id.* at ¶ 10. Adding insult to injury, Ms. Bridges-Steely thereafter went to Ms. Bass's office and "nastily inquired how Ms. Bass 'felt' about being called 'Missy.'" *Id.* at ¶ 11. Finally, the complaint alleges that "the hostile environment created by Ms. Bridges-Steely for Ms. Bass has continued." *Id.* at ¶ 12.

Thus, not only has Ms. Bass set forth general allegations of discrimination sufficient to state a cause of action, she has further provided several specific instances of the hostile treatment she has suffered at the hands of her boss. *See Swierkiewicz*, 534 U.S. at 514 (rejecting the argument that conclusory allegations of discrimination are insufficient to survive a 12(b)(6) motion). Accordingly, defendant's motion to dismiss must be denied.

C.    The FDIC's Analysis of the Facts in Ms. Bass's Complaint Is Inappropriate at this

Stage

The FDIC argues that Ms. Bass has not sufficiently stated facts to demonstrate severe and pervasive harassment. However, the determination of whether the harassment in a work environment is sufficiently severe or pervasive requires an examination of all the facts and circumstances of the environment – which is not required to be included in a complaint that comports with notice pleading standards. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) ("Determining whether a work environment is sufficiently hostile to support a Title VII claim requires an examination of 'all the circumstances'"). Not every fact need or should be pled in a complaint; therefore, it is illogical to analyze whether a complaint states sufficient facts to establish severe or pervasive harassment. As stated above, Ms. Bass need only provide a short and plain statement alleging a hostile work environment and a causal connection to her protected status to survive a motion to dismiss – and this she has certainly done. The FDIC, however, would have Ms. Bass not only establish a prima facie case, but actually allege specific incidents that would prove a hostile work environment at the initial pleading stage of this litigation.

In support of its argument, the FDIC cites *Stanford v. Potomac Elec. Power Co.*, 2006 WL 1722329 (D.D.C. 2006), *Shelton v. England*, 2005 WL 3273554 (D.D.C. 2005), and *Brooks-Miller v. England*, 357 F.Supp.2d 197 (D.D.C. 2004), as examples of cases where the court dismissed complaints where the allegations were insufficient to support the claim. *See* Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint at 4. However, the FDIC confuses allegations with facts. A review of those cases illustrates that the court dismissed those claims because the plaintiffs failed to allege a causal connection between the

asserted hostile work environment and the plaintiff's protected status, not because they failed to prove facts. *See Stanford*, 2006 WL 1722329 at *6 (dismissing the complaint because the plaintiff "failed to state any causal connection between the fact that he is African-American and his hostile work environment claim"); *see also* Brooks-Miller, 357 F.Supp.2d at 197.  In contrast, here Ms. Bass's complaint clearly alleges a hostile work environment as well as the causal connection. *See* Complaint at ¶ 8 ("Ms. Bass has suffered a campaign of harassment amounting to the creation of a hostile work environment for Ms. Bass on account of her race and in retaliation for her having successfully contended over the non-promotion based on race."); *see also id.* at ¶ 9 (asserting that the negative treatment "followed Bridges-Steely's pointed comment that she had been told of Ms. Bass's prior EEO activity and there was no discernable legitimate justification for such treatment.").  Ms. Bass has therefore properly alleged that she suffered a hostile work environment based on her race and in retaliation for her prior protected activity.

Yet, the FDIC contends that Ms. Bass's complaint must fail because she only alleges one incident that is not severe enough to constitute a hostile work environment.  FDIC's argument must be rejected for two reasons.  First, a review of the complaint illustrates that Ms. Bass alleges more than one incident of harassment.  *See* Complaint at ¶¶ 9-12 (stating that Ms. Bridges-Steely informed Ms. Bass that she was well aware of her previous complaint, that Ms. Bridges-Steely always treated her coldly, that Ms. Bridges-Steely called her "Missy," that she came to her office to taunt her afterwards, and that the harassment has continued).  More importantly, the law does not require Ms. Bass to allege every fact that supports her claim nor prove the claim itself at this early pleading stage. *See Scheuer*, 416 U.S. at 236 ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.").

Indeed, the FDIC here questions whether Ms. Bass will be able to succeed in her claim based on those facts, rather than whether she has adequately stated a claim upon which relief may be granted.

Notably, the FDIC relies heavily on *George v. Leavitt*, 407 F.3d 405 (D.C. Cir. 2005), and *Tatum v. Hyatt Corp*., 918 F. Supp. 5 (D.D.C. 1994), in support of its argument. However, these two cases granted motions for summary judgment, not motions to dismiss. In order for Ms. Bass to satisfy the summary judgment standard at this point, she would have to put forth evidence of a prima facie case and pretext. Thus, defendant would have this Court impose upon plaintiff the very type of heightened or technical pleading that the Supreme Court rejected in *Swierkiewicz*. *See* 534 U.S. at 508 (holding that an employment discrimination plaintiff need not plead a prima facie case, but rather must only include a short and plain statement of the claim showing that the pleader is entitled to relief). In *Swierkiewicz*, the Court rejected the lower court's decision to dismiss an employment discrimination complaint because it had "not adequately alleged circumstances that support an inference of discrimination." *Id.* at 509. Defendant's argument that Ms. Bass allege circumstances of severe or pervasive harassment should similarly be rejected.

Ms. Bass has clearly set forth allegations of a hostile work environment, and has further stated that the hostile treatment is causally connected to her race and in retaliation for her previous involvement in protected activity. She must be afforded the opportunity to further develop facts in support of these allegations during discovery. Therefore, the defendant's motion to dismiss must be denied.

<u>Conclusion</u>

-9-

For the above-stated reasons, Defendant's Motion to Dismiss must be denied.

Respectfully submitted,


_____/s/_____
David H. Shapiro
Ellen K. Renaud
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W., Suite 1290
Washington, DC 20005
(202) 842-0300

Attorneys for Plaintiff


**CERTIFICATE OF SERVICE**


-10-

I hereby certify that plaintiff's opposition to defendant's motion to dismiss has been served upon defendant by mailing a copy thereof, first-class postage pre-paid, to its attorney of record, Barbara Sarshik, Counsel, Legal Division, Federal Deposit Insurance Corporation, 3501 N. Fairfax Drive (VS-E6012), Arlington, VA 22226, on October 4, 2006.


_____
Taisha J. Hayes
SWICK & SHAPIRO, P.C.