UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARY E. BASS,<br><br>    Plaintiff,<br><br>    v.<br><br>SHEILA C. BAIR,<br>Chairman,<br>Federal Deposit Insurance Corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 1:06CV01345 (GK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT**

Despite the Supreme Court's clear admonition that Title VII is not be construed as a "general civility code," *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998), Plaintiff has invoked the jurisdiction of the federal courts to bring a legally insufficient hostile work environment claim which merely involves the "ordinary tribulations of the workplace." *Id.* Because the conduct she alleges falls far short of those standards articulated by the Supreme Court for an actionable hostile work environment claim, standards which are meant to be "sufficiently demanding . . . to filter out" complaints that do not allege "conduct . . . so extreme as to amount to a change in the terms and conditions of employment," *id.*, the Court should "filter out" her complaint and order it dismissed for failure to state a claim upon which relief may be granted.

This Court has recently summarized the well-established standard of review for a motion to dismiss for failure to state a claim as follows:

"[A] complaint should not be dismissed for failure to state a claim unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). The factual allegations of the complaint must ordinarily be presumed true and liberally construed in favor of the plaintiff. *Abigail Alliance v. Von Eschenbach*, 445 F.3d 470, 475 (D.C. Cir. 2006).

*Allen v. Mecham*, No. Civ. A. 05-1007 (GK), 2006 WL 2714926, at *3 (D.D.C. Sept. 22, 2006). "However, the court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).[1]

In order to assert a hostile work environment claim under Title VII, a plaintiff's workplace must be "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998) (quoting *Harris v. Forklift Systems*, 510 U.S. 17, 21 (1993)). In an opinion issued earlier this year, which dismissed a plaintiff's hostile work environment cause of action for failure to state a claim, this Court explained:

> The key terms, then, are "severe," "pervasive," and "abusive," as not just any offensive or discriminatory conduct constitutes an actionable hostile work environment. Under *Faragher v. Boca Raton*, 524 U.S. 775, 787-88 (1998) [parallel citations omitted], in order to determine whether a work environment is sufficiently hostile to be actionable, a court should consider: (1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or merely offensive; and (4) whether the conduct reasonably interferes with the employee's performance. . . . Moreover, it

---

[1] Accordingly, the Court should reject Plaintiff's wholly unsupported characterization of the word "Missy" as a "racial epithet," Complaint at ¶¶ 10-11, which is the sole allegation in the Complaint relating to any racial animus.

2

>must be clear that the hostile work environment was the result of discrimination based on protected status. . . .

*Silver v. Leavitt*, No. Civ. A. 05-0968 JDB, 2006 WL 626928, at *11 (D.D.C. March 13, 2006). Because the plaintiff must show that the allegedly harassing behavior was sufficiently severe or pervasive to alter the conditions of employment, a "mere utterance of an epithet which engenders offensive feelings in an employee does not sufficiently affect the conditions of employment to implicate Title VII." *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002) (quoting *Harris*, 510 U.S. at 21).

In her Opposition to Defendant's Motion to Dismiss, Plaintiff summarizes the complaint's alleged incidents of harassment by her second-line supervisor, Ms. Bridges-Steely, by referring the Court to the "Complaint at ¶¶ 9-12 (stating that Ms. Bridges-Steely informed Ms. Bass that she was well aware of her previous complaint, that Ms. Bridges-Steely always treated her coldly, that Ms. Bridges-Steely called her "Missy," that she came to her office to taunt her afterwards, and that the harassment has continued)." Plaintiff's Opposition at 8.[2] Assuming that all of Plaintiff's allegations in the complaint are true for the purposes of the pending motion,[3] they do not meet the stringent standards articulated in *Harris* and *Faragher* for a hostile work environment claim under Title VII, since they do not rise to the level of severe or pervasive conduct that altered the conditions of Plaintiff's employment. *See, e.g., Henderson v.*

---

[2] As to timing, the Complaint specifically alleges that Ms. Bridges-Steely "pointedly informed" Plaintiff "in or about November or December 2003" that she was aware of her previous complaint, after which "they had only limited contact." Complaint at ¶ 9. The "Missy" and "taunting" incidents are alleged to have occurred "on February 3, 2005," *id.* at ¶ 12, over 13 months later, negating any reasonable inference that they were somehow retaliatory.

[3] Which belies Plaintiff's contention that "[s]he must be afforded the opportunity to further develop facts in support of these allegations during discovery," Plaintiff's Opposition at 9, since she need not develop any facts to prove the truth of her allegations at this stage of the litigation.

*Mineta*, No. Civ. A. 02-1498 (GK), unpublished Memorandum Opinion at 6-8 (D.D.C. August 7, 2003), referenced in 2005 WL 1903292, at *2 (D.D.C. July 14, 2005) and filed herewith as Exhibit A (granting defendant's motion to dismiss FAA employee's claim that she was subjected to a retaliatory hostile work environment for a three-year period from 1999 to 2002, where she alleged that: "her supervisors routinely subjected her to unfair scrutiny concerning her work and whereabouts; her supervisors made false accusations and allegations in an attempt to discredit her character; her supervisors yelled at her multiple times in a threatening and belligerent manner; she received unfair performance ratings; and her supervisors cancelled performance ratings at the last minute.").

In her Opposition, Plaintiff has invoked *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), as a talisman against dismissal of her complaint. But post- *Swierkiewicz*, District Judges in this Circuit have properly dismissed hostile work environment claims at the pleadings stage where the alleged conduct was not severe or pervasive enough to warrant relief. S*ee, e.g., Silver v. Leavitt*, *supra* (holding, in part IV of the opinion, that plaintiff had not alleged facts sufficient to support a hostile work environment claim, 2006 WL 626928, at *10-12); *Henderson v. Mineta*, attached opinion discussed *supra*.[4] Moreover, the circumstances alleged by Ms. Bass in

---

[4] See also other post- *Swierkiewicz* cases from this district in which motions to dismiss hostile work environment claims were granted, including *Ramey v. PEPCO*, No. Civ. A. 04-2088 RJL, 2006 WL 1102836 (D.D.C. Mar. 31, 2006), *Shelton v. England*, No. Civ. A. 04-1292 RBW, 2005 WL 3273554 (D.D.C. Aug. 3, 2005), and *Brooks-Miller v. England*, 357 F. Supp.2d 197 (D.D.C. 2004), which were previously cited and/or discussed in the Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint. An analogous situation is found in *George v. Leavitt*, 407 F.3d 405, 416-17 (D.C. Cir. 2005), in which the District Court granted summary judgment for the defendant on plaintiff's hostile work environment claim, but in so doing in effect utilized the standard applicable to a motion to dismiss, because it found that "the facts alleged by plaintiff, even if true," were insufficient as a matter of law to form the basis for a Title VII violation. The D.C. Circuit affirmed that this was proper. *Id.* at 417.

the case at bar are trivial when compared to the harassment complained of in *Lee v. Winter*, 439 F. Supp.2d 82 (D.D.C. 2006), cited in Plaintiff's Opposition, at 4.  In *Lee*, the complaint alleged that the plaintiff, an African-American employee of the Navy, had consistently received strong performance reviews from her supervisors throughout her career until she provided a declaration and later testified in a co-worker's EEOC proceeding.  The court permitted her to amend her complaint to add additional claims of retaliation and hostile work environment to her existing claims for retaliation and discriminatory non-selection, based on allegations that after she filed her own administrative complaint, her supervisor "publicly reprimanded her about alleged performance deficiencies and then stripped her of responsibilities for the countries with the greatest workload that she had been assigned" which left her with "virtually no work to do, an effect which will be compounded as the Navy institutes a performance-based pay system [where her] assigned work is tied directly to her compensation." 439 F. Supp. 2d at 84.  These allegations properly met the standards articulated by the Supreme Court in *Faragher* because removing an employee's work assignments, thereby leaving her with virtually no work to do, would be severe enough to "amount to a change in the terms and conditions of employment." Clearly, Ms. Bass's complaints about her second-line supervisor in this case do not rise to the level of severity of the career-threatening conduct alleged in *Lee*.

Similarly, post-*Swierkiewicz*, federal courts in other circuits have dismissed hostile work environment claims alleging less than severe or pervasive conduct.  S*ee, e.g., Freese v. Wuesthoff Health System, Inc.*, No. 6:06-cv-175-Orl-31JGG, 2006 WL 1382111, at *5-6 (M.D. Fla. May 19, 2006) (dismissing plaintiff's hostile work environment claim alleging, *inter alia*, "repeated threats of job loss, verbal reprimands, intentional workplace isolation of Plaintiff, the assignment of unreasonable workloads, the misrepresentation of material facts regarding

5

employment benefits available to Plaintiff"); *James v. Fed. Reserve Bank of New York*, No. 01-CV-1106 (RDJ)(VVP), 2005 WL 1889859, at *7-8 (E.D.N.Y. Aug. 8, 2005) (court dismissed plaintiff's hostile work environment claim "alleg[ing] she was 'constantly harass[ed]' and subjected to 'a pattern of slurs and innuendoes based on race, gender and age,'" after noting that "[u]nder *Swierkiewicz*, plaintiff must provide fair notice of her claims, as well as the grounds upon which the claims rest"), and cases cited therein.

In sum, Plaintiff has brought a legally insufficient hostile work environment claim pursuant to Title VII and seeks to conceal her claim's substantive deficiencies behind the liberal pleading rules of the Federal Rules of Civil Procedure. The Supreme Court has stated that inadequate hostile work environment complaints such as this are not actionable under Title VII and should be "filtered out." Accordingly, for the reasons stated herein and in its original motion, the FDIC requests that the Court grant Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ Barbara Sarshik
Barbara Sarshik
D.C. Bar No. 943605
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6012)
Arlington, VA 22226
(703) 562-2309
(703) 562-2482 (Fax)

        William S. Jones
        Georgia Bar No. 404288
        Counsel, Legal Division
        Federal Deposit Insurance Corporation
        3501 N. Fairfax Drive (VS-E6006)
        Arlington, VA 22226
        (703) 562-2362
        (703) 562-2482 (Fax)

        Attorneys for Defendant

Dated: October 18, 2006