EXHIBIT A TO
DEFENDANT'S REPLY BRIEF,
BASS v. BAIR (NO. 1:06CV01345)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAMELA E. HENDERSON,          :
                              :
        Plaintiff,            :
                              :
    v.                        :    Civil Action No. 02-1498 (GK)
                              :
NORMAN MINETA,                :
   Secretary, Department of   :
   Transportation, et al.     :      **FILED**
                              :
        Defendants.           :      AUG 0 7 2003
_____:
                                     NANCY MAYER WHITTINGTON, CLERK
                                     U.S. DISTRICT COURT

MEMORANDUM OPINION

Plaintiff, Pamela Henderson, brings this pro se action for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C. § 2000e et seq. Defendants are Norman Mineta, Secretary of Transportation, and five individuals employed at the Department of Transportation ("DOT").[1] The matter is now before the Court on Defendants' Motion to Dismiss and Defendants' Motion for Summary Judgment on the Retaliatory Removal Claim. Upon consideration of the Motions, Oppositions, Replies, and the entire record herein, for the reasons stated below, Defendants' Motion to Dismiss is **granted** and

_____

[1] Defendants are William Hohe, James Blades, Brian Isham, Deborah Wray Wilson, and Gilbert B. Devey.

(N)                                                          32

Defendants' Motion for Summary Judgment on the Retaliatory Removal
Claim is **granted in part and denied in part**.

## I.    BACKGROUND

Plaintiff is an African-American female who was employed as a
Secretary by the DOT, Federal Aviation Administration ("FAA"), from
1988 to June 12, 2002.  Plaintiff alleges that she was subjected to
discrimination and retaliation from 1999 to 2002.  Specifically,
Plaintiff maintains that her nonselection for the position of
contract specialist in 1999 was discriminatory.  Plaintiff further
contends that she was subjected to a hostile work environment from
1999 to 2002 in retaliation for filing an Equal Employment
Opportunity ("EEO") complaint in February 1999, pertaining to her
nonselection for the contract specialist position.  Finally,
Plaintiff challenges her termination, effective June 12, 2002, from
her position as a Secretary at the FAA.

## II.    STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss should not
be granted unless it appears beyond doubt that the plaintiff can
prove no set of facts in support of [her] claim which would entitle
[her] to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
The factual allegations of the complaint must be presumed true and
liberally construed in favor of the plaintiff.  Shear v. National
Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979).

-2-

Under Fed. R. Civ. P. 56, a motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in h[er] favor." Id. at 255; see also Washington Post Co. v. United States Dep't of Health and Human Servs., 865 F.2d 320, 325 (D.C. Cir.1989).

## III. ANALYSIS

### A.    Plaintiff's Nonselection Claim Is Time Barred

A complainant, such as Plaintiff, who receives an adverse final decision from the agency, may file a civil action in district court within ninety days. 42 U.S.C. § 2000e-16(c); 29 C.F.R. 1614.407(a).

It is well settled that compliance with this deadline is mandatory. "'Strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" Nat'l Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002) (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 825 (1980)).

-3-

Here, it is undisputed that the final agency decision on Plaintiff's nonselection claim was issued on January 16, 2002. It is further undisputed that the agency decision was received, via certified mail, at Plaintiff's residence on January 19, 2002. Pursuant to 42 U.S.C. § 2000e-16(c), Plaintiff was required to file the present action challenging her nonselection by April 19, 2002. Plaintiff's Complaint was filed in this Court on July 30, 2002, one hundred and one days after the ninety day deadline.

Nonetheless, Plaintiff contends that her Complaint was timely filed because she did not receive the final agency decision on January 19, 2002. Instead, Plaintiff contends that another individual temporarily residing at her home received the certified mail in her absence. Plaintiff contends that she was therefore not aware of the final agency decision until two to three weeks after the mail was received at her residence.

Although compliance with the ninety day deadline is mandatory, such time limits may be tolled in limited circumstances. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990) ("[f]ederal courts typically extended equitable relief only sparingly"). The Supreme Court has stated that equitable tolling is permitted only "where the claimant has actively pursued [her] judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or

-4-

tricked by [her] adversary's misconduct into allowing the filing deadline to pass." Id. The Irwin Court cautioned, however, that such tolling is not permitted "where the claimant failed to exercise due diligence in preserving [her] legal rights." Id.

In this case, Plaintiff has not alleged that she filed a defective pleading within the statutory time period, or that she was deceived by Defendant's misconduct. Neither does Plaintiff maintain that the final agency decision was not received, via certified mail, at her residence on January 19, 2002. Instead, Plaintiff's contention that someone else residing at her home signed for the certified mail, constitutes a failure to exercise due diligence, which is not a basis for equitable tolling under Irwin.

In sum, because Plaintiff has not met the Irwin standard for equitable tolling and because she failed to comply with the strict ninety day time limit for filing her Complaint, Plaintiff's nonselection claim must be dismissed as untimely.[2] See Smith v.

---

[2] Even if Plaintiff's nonselection claim were not time barred, it would nonetheless be dismissed. To make out a prima facie case of discriminatory nonselection, a plaintiff must show, among other things, that she is a member of a protected class. See Stella v. Mineta, 284 F.3d 135, 139 (D.C. Cir. 2002). Here, Plaintiff alleges in her Complaint that her "sexual orientation was the only reason I was not selected for the advertised position of 'Contract Specialist.'" Compl. ¶ 3. Because sexual orientation is not a protected class under Title VII, Plaintiff has failed to
(continued...)

Dalton, 971 F.Supp. 1, 2-3 (D.D.C. 1997) (dismissing as untimely
pro se Title VII complaint filed on 91st day); Tyler v. Henderson,
2001 WL 194930 (D.D.C. Feb. 22, 2001) (dismissing as untimely Title
VII claims filed on 94th day).

**B.   Plaintiff Has Failed to Establish that She Was Subjected
to a Severe or Pervasive Hostile Work Environment**

As noted above, Plaintiff contends that she was subjected to
a hostile work environment from 1999 to 2002 in retaliation for
filing the February 1999 EEO complaint pertaining to her
nonselection for the contract specialist position.

While hostile work environment claims generally arise in the
context of gender, race, or national origin discrimination, courts
have considered claims of hostile work environment in cases of
retaliation as well. See Brodetski v. Duffey, 141 F.Supp.2d 35, 48
(D.D.C. 2001) ("there is little reason that a claim of hostile work
environment should not be considered in cases of retaliation");
Marrero v. Goya of Puerto Rico, Inc., 304 F.3d 7, 26 (1st Cir.
2002) (employer "will be liable for retaliation if it tolerates
severe or pervasive harassment motivated by the plaintiff's
protected conduct"); Von Gunten v. Maryland, 243 F.3d 858, 869-70
(4th Cir. 2001) ("retaliation harassment can constitute adverse

---

[2](...continued)
establish a prima facie case.

-6-

employment action, but only if such harassment adversely affects the terms, conditions, or benefits of . . . employment"); Morris v. Oldham City Fiscal Court, 201 F.3d 784, 792 (6th Cir. 2000) ("[i]t naturally follows that, under Ellerth, severe or pervasive supervisor harassment that is engaged in because an individual 'has opposed any practice made an unlawful employment practice by' Title VII also can constitute 'discrimination' under 42 U.S.C. § 2000e-3(a).").

To assert a hostile work environment claim, the workplace must be "'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998) (quoting Harris v. Forklift Systems, 510 U.S. 17, 21 (1993)). In determining whether a workplace is hostile, courts should consider (1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or merely offensive; and (4) whether the conduct reasonably interferes with the employee's performance. See Faragher v. Boca Raton, 524 U.S. 775, 787-8 (1998). As the Supreme Court has emphasized, the "standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a 'general civility code.'" Id. at 788 (citations omitted).

In this case, Plaintiff's allegations fail to meet the stringent <u>Harris</u> and <u>Faragher</u> standards for a hostile work environment. Specifically, Plaintiff alleges that: her supervisors routinely subjected her to unfair scrutiny concerning her work and whereabouts; her supervisors made false accusations and allegations in an attempt to discredit her character; her supervisors yelled at her multiple times in a threatening and belligerent manner; she received unfair performance ratings; and her supervisors cancelled performance rating meetings at the last minute.

While these incidents make for an unpleasant and an uncomfortable workplace, they do not rise to the level of severe or pervasive conduct that altered the conditions of Plaintiff's employment. Instead, the allegations taken together amount to little more than "ordinary tribulations of the workplace" that are not actionable. <u>Faragher</u>, 524 U.S. at 788. Even though "[m]any bosses are harsh, unjust, and rude," <u>Alfano v. Costello</u>, 294 F.3d 365, 377 (2d Cir. 2002), Title VII is not a "general civility code." <u>Faragher</u>, 524 U.S. at 788. Accordingly, Plaintiff's allegations are not sufficiently severe or pervasive to be actionable under Title VII.

C.   **The Merit Systems Protection Board's Decision Sustaining Plaintiff's Termination Is Not Arbitrary or Capricious and Is Supported by Substantial Evidence**

Plaintiff also challenges the decision of the Merit Systems Protection Board ("MSPB" or "Board") sustaining her termination, which became effective June 12, 2002.  Specifically, the Board concluded that Plaintiff's termination was "for such cause as will promote the efficiency of the service."  AR 760.

Pursuant to 5 U.S.C. § 7703, judicial review of the Board's decision sustaining the removal of a federal employee is limited. Courts must affirm the decision of the MSPB unless it is (1) arbitrary, capricious, an abuse of discretion, or not in accordance with law; (2) obtained without the procedure required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence.  <u>Dixon v. Dep't of Transportation</u>, 8 F.3d 798, 803 (Fed. Cir. 1993); <u>Barnes v. Small</u>, 840 F.2d 972, 979 (D.C. Cir. 1988).

Here, the Board's decision sustaining Plaintiff's termination is not arbitrary or capricious, and is supported by substantial evidence in the record.  In sustaining Plaintiff's removal, the Board concluded that she committed the following acts of misconduct between November 1, 2001 and March 6, 2002: failure to follow instructions; disrespectful behavior toward her supervisor;

-9-

inconsiderate and disruptive behavior; and absence without leave. AR 752-56.

With regard to the charge of failing to follow instructions, the Board concluded that Plaintiff's "general, unsubstantiated denials and angry demeanor do not overcome [her supervisor's] composed demeanor and extensive, detailed testimony supported by contemporaneous documents." Id. at 752. Similarly, with respect to the charge of disrespectful behavior toward her supervisor, the Board concluded that Plaintiff's "general denials and character witnesses again do not overcome [her supervisor's] straightforward, coherent, detailed testimony and written, contemporaneous documents supporting the disrespect specifications." Id. Concerning the inconsiderate and disruptive behavior charge, the Board found the testimony of the three agency witnesses to be more credible than Plaintiff's general denials and unsubstantiated testimony. Id. at 755-56. Finally, the Board concluded that Plaintiff admitted that she was absent without leave, and found her defense that other employees also arrived late to be without merit. Id. at 754.

Credibility determinations of the Board's Administrative Judge are entitled to considerable deference. See DeSarno v. Dep't of Commerce, 761 F.2d 657, 661 (Fed. Cir. 1985). Here, Plaintiff has not provided any evidence challenging the Board's credibility determinations, and the Board's conclusion that Plaintiff committed

-10-

the above acts of misconduct is therefore supported by substantial evidence in the record.[3]

Further, the Board's conclusion that Plaintiff's removal was the appropriate penalty is also supported by substantial evidence in the record. It is well-settled that courts should not substitute their own view of the appropriate sanction or displace the agency's judgment unless the sanction imposed is so clearly excessive as to constitute an abuse of the agency's discretion. See Gipson v. Veterans Admin, 682 F.2d 1004, 1011 (D.C. Cir. 1982).

Here, Plaintiff has not shown that her removal was so excessive a sanction as to constitute an abuse of discretion. In fact, the Board found that, prior to Plaintiff's termination, she

_____

[3]     Plaintiff argues that the Board's decision should be overturned because the Administrative Judge who presided over the proceeding was biased. Specifically, Plaintiff contends that the Administrative Judge encouraged the parties to settle; that he treated Plaintiff in a "pleasant and friendly" manner, while he treated the agency in a "business" manner; and that he "allowed the agency witnesses that would hurt the plaintiff in this case, and denied the plaintiff witnesses that would help her case." Pl. Response to Order to Show Cause at 12. Assuming the truth of Plaintiff's allegations concerning settlement encouragement and the Judge's demeanor toward Plaintiff, these allegations do not amount to evidence of bias. With respect to the admission of witness testimony, Plaintiff has merely made the conclusory statement that she was denied witnesses that could assist her case. Because Plaintiff has not identified these witnesses, the nature of their proposed testimony, the circumstances under which their testimony was denied, or the cumulative effect of their testimony, Plaintiff has failed to establish any bias on the part of the Administrative Judge.

was given numerous warnings, counseling sessions, a letter of reprimand, and a five-day suspension for similar conduct. AR 761.

In sum, the decision of the MSPB sustaining Plaintiff's termination is not arbitrary or capricious, and is supported by substantial evidence. In particular, there is substantial evidence in the record supporting the Board's conclusion that Plaintiff committed numerous acts of misconduct. Further, the Board's conclusion that, in light of Plaintiff's misconduct, removal was the appropriate penalty, is not an abuse of discretion. Therefore, this portion of Defendants' Motion for Summary Judgment must be granted.

### D.   Defendants Are Not Entitled to Summary Judgment on the Retaliatory Termination Issue

Unlike Plaintiff's nondiscrimination claim challenging the Board's decision sustaining her termination, Plaintiff's discrimination claim---alleging that her termination was in retaliation for filing an EEO complaint---is subject to de novo review by this Court. See 5 U.S.C. 7703(b)(2), (c).

To establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) a causal connection existed between the protected activity and the adverse employment action. See Mitchell v. Baldridge, 759 F.2d 80, 86

(D.C. Cir. 1985); McKenna v. Weinberger, 729 F.2d 783, 790 (D.C. Cir. 1984).

Here, Defendants do not dispute that Plaintiff engaged in statutorily protected activity---namely the filing of informal and formal EEO complaints in February 1999, May 1999, November 2000, and February 2001. Neither do Defendants dispute that Plaintiff experienced an adverse employment action---namely Plaintiff's termination effective June 12, 2002.

Instead, Defendants contend that Plaintiff failed to establish a causal connection between her EEO activity and her termination. Specifically, they maintain that her termination did not occur close enough in time to her EEO activity to establish causation. See Clark County School Dist. v. Breeden, 532 U.S. 268, 273 (2001) (concluding that where "mere temporal proximity" is the only evidence of causation, the proximity must be "very close").

While Plaintiff was given notice of her proposed termination fourteen months after filing her final formal EEO complaint, temporal proximity is not the only evidence of causation in this case. Instead, Plaintiff alleges that, after she filed her EEO complaints, she was treated unfairly by her supervisors for the two and a half years preceding her termination. Defendants do not contend that Plaintiff's supervisors were unaware of her EEO activity. Neither do Defendants contend that Plaintiff's strained

-13-

relationship with her supervisors existed prior to her filing of the EEO complaints.  Thus, a causal connection may be inferred by a jury between her EEO activity and her adverse employment action.

Once a plaintiff establishes a <u>prima</u> <u>facie</u> case of retaliation, the burden shifts to the employer to articulate a legitimate non-retaliatory reason for its action.  <u>Cones v. Shalala</u>, 199 F.3d 512, 520 (D.C. Cir. 2000); <u>McDonnell Douglas Corp v. Green</u>, 411 U.S. 792, 802-03 (1973).  Here, Defendants have met this burden by explaining that Plaintiff was terminated because of her acts of misconduct addressed above.

Finally, if the employer articulates a legitimate reason for its actions, the burden shifts back to the plaintiff to establish that the reason asserted by the employer is pretext.  <u>See</u> <u>Cones</u>, 199 F.3d at 520.  The D.C. Circuit has held that, to survive summary judgment at this point, the "plaintiff must show that a reasonable jury could conclude from all the evidence that the adverse employment decision was made for a discriminatory reason." <u>See</u> <u>Lathram v. Snow</u>, 2003 WL 2176638 (D.C. Cir. Aug. 1, 2003) (citing <u>Aka v. Washington Hosp. Ctr.</u>, 156 F.3d 1284, 1290 (D.C. Cir. 1998) (en banc)).

In this case, Plaintiff contends that, during the eleven years before she filed her February 1999 EEO complaint, she successfully

-14-

performed her job without incident. During that time, her
supervisors never alleged that she engaged in misconduct or
disrespectful behavior. Because there is evidence that Defendants'
reason for terminating Plaintiff---namely her misconduct---was not
at issue in the eleven years Plaintiff worked at DOT until she
filed her February 1999 EEO complaint, a reasonable jury could
conclude that Plaintiff was not terminated because of misconduct,
but in retaliation for her protected EEO activity. This is exactly
the kind of disputed factual issue which juries must decide.

In sum, Plaintiff has established a prima facie case of
retaliation with respect to her termination, and Defendants have
articulated a legitimate non-discriminatory reason for Plaintiff's
removal. Because there is evidence that Plaintiff successfully
performed her job for eleven years, a reasonable jury could
conclude that Defendants' non-discriminatory reason for her
termination was a pretext and that she was, in reality, terminated
for a discriminatory reason.[4]

---

[4] Finally, in addition to bringing this action against the
Secretary of Transportation, Plaintiff has named five employees at
the DOT as Defendants in their individual capacity. In Gary v.
Long, 59 F.3d 1391, 1398 (D.C. Cir. 1995), the D.C. Circuit held
that, under Title VII, a supervisory employee cannot be held liable
in his individual capacity. See also Busby v. City of Orlando,
931 F.2d 764, 772 (11th Cir. 1991) (holding that relief granted
under Title VII is against the employer, not individual employees
whose actions constituted a violation of Title VII). Accordingly,
(continued...)

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **granted** and Defendants' Motion for Summary Judgment on the Retaliatory Removal Claim is **granted in part and denied in part**.

An Order will issue with this Opinion.

_Aug. 1, 2006_
Date

_Gladys Kessler_
Gladys Kessler
United States District Judge

**Copies to:**

Lisa Barsoomian
AUSA
555 Fourth Street, NW
Washington, DC 20530

Pamela Henderson
4320 Chaplin Street, SE
Washington, DC 20019

---

[4](...continued)
Plaintiff's claims against Hohe, Blades, Isham, Wilson, and Devey must be dismissed.

-16-