## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARY E. BASS,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Case No. 1:06CV01345 (GK) |
| ) | |
| SHEILA C. BAIR,    ) | |
| Chairman,    ) | |
| Federal Deposit Insurance Corporation,  ) | |
| ) | |
| Defendant.    ) | |
| ) | |

### JOINT REPORT PURSUANT TO LOCAL RULE 16.3

Pursuant to Local Rule 16.3 and this Court's Amended Order Setting Initial Scheduling

Conference entered on October 31, 2006, the parties hereby report to the Court that counsel for

the parties conferred on November 9, 2006. As a result of this conference, the parties hereby

report to the Court as follows, in accordance with the numbered topics listed in LCvR 16.3(c):

(1) **Dispositive motions.** Defendant believes that this case may be resolved through

dispositive motion(s). Defendant's Motion to Dismiss Plaintiff's Complaint was filed on

September 19, 2006, and has been fully briefed by the parties. Defendant requests that discovery

be stayed pending the Court's decision on the motion to dismiss. Plaintiff has consented to this

request. Should the motion to dismiss be denied, Defendant anticipates filing a motion for

summary judgment following the close of discovery.

(2) **Deadline for joining additional parties or amending pleadings.** Neither Plaintiff

nor Defendant anticipates joining additional parties or amending their pleadings. Neither party

believes that the factual or legal issues can be narrowed until such time as the Court rules on the pending motion to dismiss.

(3) **Assignment to a Magistrate Judge.** Plaintiff consents to the assignment of this case to a Magistrate Judge for all purposes. Defendant does not consent to the assignment of this case to a Magistrate Judge for any purpose except for settlement discussions.

(4) **Settlement Possibility.** The parties do not see a realistic possibility of settlement at this time, but will remain open to settlement discussions.

(5) **Alternative dispute resolution.** The parties believe that it is too early in the litigation of this case to determine whether this case could benefit from the Court's alternative dispute resolution (ADR) procedures. The parties will inform the Court if it appears that the Court's ADR process might be useful as the case progresses.

(6) **Resolution by summary judgment or motion to dismiss.** Defendant filed a Motion to Dismiss Plaintiff's Complaint on September 19, 2006, which has been fully briefed by the parties. Should the motion to dismiss be denied, Defendant anticipates filing a motion for summary judgment following the close of discovery. In that event, the parties suggest a dispositive motion schedule whereby motions for summary judgment shall be filed within 60 days after the close of discovery, oppositions to such motions shall be filed within 45 days after the filing of the dispositive motion, and that any reply to the opposition shall be filed within 21 days after the filing of the opposition. The parties request that the Court render its decision on any motions for summary judgment 30 days before the pretrial conference.

(7) **Initial disclosures.** The parties propose that initial disclosures authorized under Fed. R. Civ. P. 26(a)(1) be served within 30 days of the entry of the initial scheduling order.

**(8) Discovery.**

(a) <u>Commencement and duration</u>. Defendant requests that discovery be stayed until such time as the Court has decided Defendant's Motion to Dismiss Plaintiff's Complaint filed on September 19, 2006, and which has been fully briefed by the parties. Plaintiff has consented to this request. The parties agree that all fact discovery shall be completed within 120 days after commencement of discovery, and all expert discovery, if any, shall be completed within 60 days thereafter.

(b) <u>Limits on discovery</u>. The parties agree that discovery matters, including limitations placed on discovery, shall be governed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia. Specifically, the parties agree that 25 interrogatories and 7 depositions per party shall be sufficient.

(c) <u>Protective order</u>. Due to confidential personnel information that may be exchanged, the parties anticipate entering into an appropriate protective order.

**(9) Experts.** The parties propose that Plaintiff's expert(s) be designated no later than 60 days after the commencement of discovery, and that Defendant's expert(s) be designated no later than 30 days thereafter. The parties propose that all other requirements of Fed. R. Civ. P. 26 regarding experts shall apply.

**(10) Class actions.** Not applicable to this case.

**(11) Bifurcation of discovery and/or trial.** The parties see no need for bifurcation of discovery and/or trial at this time.

**(12) Proposed date for the pretrial conference.** The parties request that the Court set a pretrial conference date 30 days after its ruling on motions for summary judgment filed in accordance with paragraph 6 above, or 30 days after the cut-off date for filing dispositive

motions if no such motions are filed.

(13) **Trial date.** The parties request that a trial date be set at the pretrial conference.

(14) **Other matters.** In accordance with the Court's Amended Order for Initial

Scheduling Conference entered on October 31, 2006, the parties provide the following brief

statement of the case:

Plaintiff's Statement: Mary Bass brought this action because defendant subjected her to a

hostile work environment based on her race and in retaliation for her successful discrimination

complaint against the FDIC. Ms. Bass alleges that her second-level supervisor, Ann Bridges-

Steely, a white female, subjected her to a hostile work environment because she is black and in

retaliation for her prior protected activity.

Defendant's Statement: Defendant denies all allegations that Plaintiff was subjected to

discrimination or harassment on the basis of race and/or retaliation. Moreover, Defendant

contends that Plaintiff's Complaint fails to state a claim for hostile work environment based on

race and/or retaliation, pursuant to the statutory and judicial authority more particularly set forth

in Defendant's Motion to Dismiss Plaintiff's Complaint filed on September 19, 2006, and which

has been fully briefed by the parties.

|  | Respectfully submitted, |
|---|---|
| *Ellen K. Renaud* | *Barbara Sarshik* (TJH) |
| David H. Shapiro | Barbara Sarshik |
| D.C. Bar No. 961326 | D.C. Bar No. 943605 |
| Swick & Shapiro, P.C. | Counsel, Legal Division |
| 1225 Eye Street, N.W. | Federal Deposit Insurance Corporation |
| Suite 1290 | 3501 N. Fairfax Drive (Rm. VS-E6012) |
| Washington, DC 20005 | Arlington, VA 22226 |
| (202) 842-0300 (Tel.) | (703) 562-2309 (Tel.) |
| (202) 842-1418 (Fax) | (703) 562-2482 (Fax) |

Attorneys for Plaintiff

4

William S. Jones
Georgia Bar No. 404288
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6006)
Arlington, VA 22226
(703) 562-2362
(703) 562-2482 (Fax)

Attorneys for Defendant

Dated: November 13, 2006