UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MARY E. BASS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:06CV01345 (GK) |
| ) | |
| **SHEILA C. BAIR,** ) | |
| **Chairman,** ) | |
| **Federal Deposit Insurance Corporation,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Defendant Sheila C. Bair, in her official capacity as Chairman of the Federal Deposit Insurance Corporation ("FDIC"), responds to Plaintiff's Complaint as follows:

**GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in Plaintiff's Complaint that are not clearly and specifically admitted herein.

**SPECIFIC DENIALS AND RESPONSES**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant further responds to Plaintiff's Complaint as follows by responding to the numbered paragraphs of the Complaint:

1. Paragraph one of the Complaint is Plaintiff's statement of her case, to which no response is required. Except for Plaintiff's race (African American) and the fact that she

previously brought a race discrimination case against the FDIC in the District Court for the District of Columbia, which was subsequently settled without admission of liability by the FDIC under terms which resulted in Plaintiff's promotion to the CG-14 level, as well as the payment of certain damages, costs and attorneys fees, any statements of fact are denied, including Plaintiff's statement that this action is brought "to remedy acts of discrimination in employment practices against her by the Federal Deposit Insurance Corporation based on her race and in retaliation" and that "management at the [FDIC] has subjected her – and continues to subject her – to harassment not only based on her race (African American), but also in retaliation for her prior EEO success."

    2.  Subject to Defendant's affirmative defenses that Plaintiff has failed to exhaust administrative remedies or otherwise fulfill statutory prerequisites for some or all of her claims and/or matters raised in this Complaint, Defendant admits that this Court has jurisdiction over the subject matter of this civil action.  Defendant states that:  Plaintiff initially contacted an EEO counselor on February 4, 2005; Plaintiff filed a formal administrative EEO complaint (that was docketed as FDICEO-050030) on March 11, 2005; the FDIC's final agency decision ("FAD") was signed by the Director of the FDIC's Office of Diversity and Economic Opportunity ("ODEO") on April 25, 2006, and was mailed to Plaintiff and Plaintiff's counsel on April 26, 2006; Plaintiff's counsel received the FAD on April 27, 2006; and Plaintiff received the FAD on May 1, 2006, when she signed for the certified mail package from ODEO that the post office had initially attempted to deliver to her at her home address on April 27, 2006.  Defendant admits that less than 90 days elapsed from May 1, 2006, until the instant lawsuit was filed on July 28, 2006, but further states that April 27, rather than May 1, is the relevant date for computing the

90-day statute of limitations applicable to this case. Defendant denies the remaining allegations of paragraph 2 of the Complaint.

 3. Defendant denies the existence of any claims or causes of action on the part of Plaintiff, but admits that venue would be proper based on the allegations of paragraph 3 of the Complaint that the incident Plaintiff complains of in this lawsuit took place in Washington, D.C.

 4. Since August 20, 2006, Plaintiff has been and is currently employed by the FDIC at the CG-15 level with an official work site at the FDIC's offices located at 1776 F Street, N.W., Washington, D.C. Defendant admits the remaining factual allegations of paragraph 4 of the Complaint.

 5. Defendant admits that the current Chairman of the FDIC is Sheila C. Bair, who in her official capacity is the sole appropriate defendant in this lawsuit. Defendant admits the remaining allegations of paragraph 5 of the Complaint.

 6. Defendant denies that Plaintiff "was the victim of race discrimination in promotion practices at the FDIC in the past," that there was a "racially-driven non-promotion," or that the settlement of her prior litigation in January 2003 without admission of liability by the FDIC "was a total victory for Ms. Bass," as the settlement represented a compromise on the part of both parties and as a result, the prior judgment in the District Court was vacated and the action was dismissed with prejudice on February 10, 2003. Defendant admits that prior to the filing of FDIC's appeal, an article concerning the prior case was published in the Washington Post on April 16, 2001 (an electronic copy of which is contained in the report of investigation), the contents of which speaks for itself, but Defendant is without sufficient information to admit or deny that it was "well-publicized in a front-page article in the Business Section" of that newspaper. Defendant further admits that pursuant to the terms of the settlement, wherein "[t]he

parties agree[d] that neither will take any steps affirmatively to publicize this Settlement Agreement or its contents," Plaintiff was promoted to a supervisory CG-14 position and received payment of certain compensation and attorneys' fees.

    7. Plaintiff was promoted to a CG-14 Supervisory Contract Specialist in the Acquisition Services Branch effective February 9, 2003. Defendant admits that Plaintiff received "fully successful" annual performance ratings following her promotion. Effective April 4, 2004, she was converted from a CG-14 grade to a CM-1 designation, with an annual salary of $110,445. Defendant admits that Plaintiff's work site at all times relevant to the events at issue here was located at the FDIC's offices at 1730 Pennsylvania Avenue, N.W., Washington, D.C., and that as of April 8, 2005, Plaintiff had 20 years of federal service.

    8. Defendant denies the allegations of paragraph 8 of the Complaint.

    9. Defendant denies the allegations of paragraph 9 of the Complaint.

    10. Defendant is without sufficient information to admit or deny that Plaintiff felt "uncomfortable at work when having to deal with Ms. Bridges-Steely and otherwise." Defendant admits that Ms. Bridges Steely addressed Plaintiff with the racially neutral term "Missy" in the presence of her immediate supervisor Mr. Harris. Defendant denies the remaining allegations of paragraph 10 of the Complaint.

    11. Defendant admits that Ms. Bridges Steely had a further discussion with Plaintiff concerning her use of the word "Missy" shortly thereafter. Defendant denies the remaining allegations of paragraph 11 of the Complaint.

    12. Defendant is without sufficient information to admit or deny that Plaintiff "sought EEO counseling" on February 3, 2005, and therefore this allegation is denied. Defendant admits that Plaintiff initially contacted an EEO counselor on February 4, 2005, filed a formal EEO

administrative complaint on March 11, 2005 (docketed as FDICEO-050030), that the related report of investigation was issued to Plaintiff in September 2005, and that the final agency decision was signed on April 25, 2006. Defendant denies the remaining allegations of paragraph 12 of the Complaint, including, without limitation, that Plaintiff's counsel received the FAD on May 1, 2006.

13. Defendant denies the allegations of paragraph 13 of the Complaint.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

Defendant further denies that Plaintiff is entitled to a trial by jury "on questioning [sic] pertaining to the level of compensatory damages to be awarded" insofar as that assertion may refer to remedies, such as back pay, that are considered to be in the nature of equitable relief under Title VII.

## DEFENSES AND AFFIRMATIVE DEFENSES

By pleading the following defenses, as provided for pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant does not concede that it possesses or assumes the burden to prove each or any of them. Defendant maintains that Plaintiff retains the burden of proof on all matters necessary to state and sustain the claims asserted in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies for some or all of her claims.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over some or all of Plaintiff's claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the time limits for pursuing administrative and judicial remedies for Title VII complaints, including but not limited to, the 90-day statute of limitations period for filing a civil action set forth in 42 U.S.C. § 2000e-16.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the statute of limitations, laches, res judicata, collateral estoppel, settlement and release, or accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a prima facie case under any of the claims or causes of action she has asserted; in the alternative, assuming Plaintiff has stated a prima facie case, all conduct and actions on the part of Defendant concerning Plaintiff were wholly based on legitimate, non-discriminatory, and non-retaliatory reasons.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims.

WHEREFORE, Defendant requests the Court enter judgment in its favor and against Plaintiff, that the Complaint be dismissed in its entirety with prejudice, that Defendant recover its costs in this action, and for such other relief as may be appropriate.

    Respectfully submitted,

        /s/ Barbara Sarshik_____
        Barbara Sarshik
        D.C. Bar No. 943605
        Counsel, Legal Division
        Federal Deposit Insurance Corporation
        3501 N. Fairfax Drive (VS-E6012)
        Arlington, VA 22226
        (703) 562-2309
        (703) 562-2482 (Fax)

        William S. Jones
        Georgia Bar No. 404288
        Counsel, Legal Division
        Federal Deposit Insurance Corporation
        3501 N. Fairfax Drive (VS-E6006)
        Arlington, VA 22226
        (703) 562-2362
        (703) 562-2482 (Fax)

        Attorneys for Defendant

Dated:  December 14, 2006