UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY E. BASS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06CV01345 |
| ) | |
| SHEILA C. BAIR, ) | |
| Chairman, ) | |
| Federal Deposit Insurance Corporation, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Sheila C. Bair, in her official capacity as Chairman of the Federal Deposit Insurance Corporation, hereby moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment as to Plaintiff's Complaint. The basis for this motion, as more fully set forth in the accompanying Memorandum in Support of Defendant's Motion for Summary Judgment, is that the Complaint was not filed within the 90-day time period statutorily required by 42 U.S.C. § 2000e-16(c).

In support of this motion, Defendant respectfully refers the Court to the attached supporting memorandum, statement of material facts as to which Defendant contends there is no genuine issue, declaration, and proposed order.

    Respectfully submitted,

    /s/ Barbara Sarshik
    _____
    Barbara Sarshik
    D.C. Bar No. 943605
    Counsel, Legal Division
    Federal Deposit Insurance Corporation
    3501 N. Fairfax Drive (VS-E6012)
    Arlington, VA 22226
    (703) 562-2309
    (703) 562-2482 (Fax)

    William S. Jones
    Georgia Bar No. 404288
    Counsel, Legal Division
    Federal Deposit Insurance Corporation
    3501 N. Fairfax Drive (VS-E6006)
    Arlington, VA 22226
    (703) 562-2362
    (703) 562-2482 (Fax)

    Attorneys for Defendant

Dated:  December 20, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARY E. BASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:06CV01345 |
| | ) | |
| SHEILA C. BAIR, | ) | |
| Chairman, | ) | |
| Federal Deposit Insurance Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

### I.   Introduction and Factual Background

On March 11, 2005, Plaintiff Mary Elizabeth Bass filed a formal administrative complaint of discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), with the Federal Deposit Insurance Corporation ("FDIC").  Defendant's Statement of Material Fact ("Def. Stmt. Mat. Fact") ¶ 1; Declaration of Susan Berman ("Berman Decl.") ¶ 4.

A few weeks later, on March 29, 2005, Ms. Bass provided the FDIC's Office of Diversity and Economic Opportunity with a Designation of Representative designating attorney David H. Shapiro as her representative in all matters pertaining to her formal administrative complaint.  The Designation of Representative stated that all official correspondence would be sent to Mr. Shapiro, with a copy to Ms. Bass.  In it, Ms. Bass expressly authorized Mr. Shapiro to "act for me in all matters pertaining to my discrimination claims."  Def. Stmt. Mat. Fact ¶ 2; Berman Decl. ¶ 5 and Exhibit 1 thereto.

On April 25, 2006, the Director of the FDIC's Office of Diversity and Economic Opportunity signed a Final Agency Decision regarding Ms. Bass' administrative complaint. On April 26, 2006, the FDIC's Office of Diversity and Economic Opportunity sent the Final Agency Decision, by certified mail, to Mr. Shapiro, with a copy to Ms. Bass, also by certified mail. Def. Stmt. Mat. Fact ¶ 3; Berman Decl. ¶ 6.

Postal Service tracking records show that the Final Agency Decision was delivered to Mr. Shapiro on April 27, 2006.[1] Additionally, Postal Service tracking records show that delivery of the Final Agency Decision to Ms. Bass was attempted on April 27, 2006, and was completed on May 1, 2006.[2]

On July 28, 2006, Ms. Bass, through Mr. Shapiro as her attorney, filed this lawsuit. Def. Stmt. Mat. Fact ¶ 8. Mr. Shapiro continues to be her attorney in this lawsuit. *See* Civil Docket for Case No. 1:06-cv-01345-GK. July 28, 2006 is 92 days after April 27, 2006, the date on which the FDIC's Final Agency Decision was delivered to Mr. Shapiro.

---

[1] The United States postal receipt number for the mailing to Mr. Shapiro was # 7003 2260 0001 8050 7085. Berman Decl. at Exhibit 2. Postal tracking records show that an item with that receipt number was delivered on April 27, 2006 at 1:14 p.m. Def. Stmt. Mat. Fact ¶ 4; Berman Decl. ¶ 7 and Exhibit 3 thereto. The Domestic Return Receipt (the green postal service receipt) evidencing delivery was signed by Taisha Hayes at Mr. Shapiro's office. Although it is undated, a date stamp placed on the reverse side of that receipt by the United States Postal Service shows that the receipt had been sent back to the FDIC by either April 27 or April 28, 2006. Def. Stmt. Mat. Fact ¶ 5; Berman Decl. ¶ 8 and Exhibit 4 thereto.

[2] The United States postal receipt number for the mailing to Ms. Bass was # 7003 2260 0001 8050 7092. Berman Decl. at Exhibit 2. Postal tracking records show that a notice of mailing of an item with this receipt number was left at a property in Alexandria, Virginia on April 27, 2006, and that the item was delivered on May 1, 2006. Def. Stmt. Mat. Fact ¶ 6; Berman Decl. ¶ 9 and Exhibit 5 thereto. The Domestic Return Receipt evidencing delivery to Ms. Bass was signed by Ms. Bass on May 1, 2006. Def. Stmt. Mat. Fact ¶ 7; Berman Decl. ¶ 10 and Exhibit 6 thereto.

## II.   Applicable Legal Standards

**A.   The 90-Day Statutorily Required Time Period For Filing This Title VII Lawsuit**

Plaintiff is a federal employee who asserts claims under Title VII. *See* Complaint ¶ 4. Under Title VII, a federal employee who seeks to file a civil action in federal district court must do so within 90 days after receiving the agency's final administrative action.[3] "Courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day." *Wiley v. Johnson,* 436 F. Supp.2d 91, 96 (D.D.C. 2006).[4]

Although the 90-day time period is subject to equitable tolling, tolling applies only in "extraordinary and carefully circumscribed instances." *Mondy v. Sec'y of the Army,* 845 F.2d 1051, 1057 (D.C. Cir. 1988).[5] This Circuit has recognized four, narrowly tailored circumstances in which equitable tolling of a Title VII filing period will be allowed: (1) where a defendant engaged in affirmative misconduct that led the plaintiff to miss a filing deadline; (2) where the court has led the plaintiff to believe that she had done everything required of her; (3) where the plaintiff has received inadequate

---

[3] 42 U.S.C. § 2000e-16(c) (federal employees must file a civil action within ninety days after "receipt of notice of final action."); *DePippo v. Chertoff,* 453 F. Supp.2d 30, 33 (D.D.C. 2006); *Wiley v. Johnson,* 436 F. Supp.2d at 95-96.

[4] *See, e.g., Jackson v. Snow,* No. Civ. A. 05-1266, 2006 WL 212136, at *4 (D.D.C. Jan. 27, 2006) (dismissing a lawsuit filed one day after the 90-day deadline); *Smith v. Dalton,* 971 F. Supp. 1, 2-3 (D.D.C. 1997) (same).

[5] This principle has recently been reaffirmed by this circuit in *Colbert v. Potter,* __ F.3d __, No. 05-5330, 2006 WL 3687233, at *8 (D.C. Cir. Dec. 15, 2006), *aff'g*, No. Civ. A. 04-996, 2005 WL 3273571, at *3 (D.D.C. Jul. 28, 2005).

notice; and (4) where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon.[6]

Tolling does not apply in cases of simple claims of excusable neglect, as the United States Supreme Court established in *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96 (1990). In *Irwin,* the Supreme Court declined to toll the statutory filing period under Title VII where the plaintiff's reason for his late filing was that the EEOC's right to sue letter arrived at his attorney's office when his attorney was absent from the office. 498 U.S. at 91. As the Supreme Court stated, "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." 498 U.S. at 96.[7]

In reliance on *Irwin,* this Court has declined to toll the 90-day time period in other situations that amount to no more than garden variety claims of excusable neglect. For example, this Court has declined to toll the 90-day time period where the plaintiff's attorney was finishing preparing the complaint and his computer froze on the day the complaint was due to be filed. In that case, this Court held:

> Considering the availability of computers for rent and on-call repair services, failing to meet a deadline because of a frozen computer is simple neglect. The plaintiff states that after the repair technician returned his counsel's computer, the plaintiff's counsel redrafted and filed the brief the next day. But the plaintiff could just as easily have redrafted and filed the

---

[6] *Glenn v. Williams,* No. Civ. A. 98-1278, 2006 WL 401816, at *10 (D.D.C. Feb. 21, 2006) (citing to *Mondy,* 845 F.2d at 1057). *See also Ghannam v. Natsios,* No. Civ. A. 04-0865, 2006 WL 286862 (D.D.C. Feb. 6, 2006), (Kessler, J.), in which this Court identified narrow circumstances which will justify equitable tolling of the statutory period for filing an administrative complaint under Title VII.

[7] At the time *Irwin* was decided, 42 U.S.C. § 2000e-16(c) provided for a 30-day period to file suit. 498 U.S. at 91. As a result of a statutory amendment, that period is now 90 days.

4

>brief with a rented or borrowed computer, thus meeting the applicable deadline. While unfortunate, a frozen computer is by no means a significant enough reason to equitably toll the filing deadline in question.

*DePippo,* 453 F. Supp.2d at 34-35 (internal citation and footnotes omitted).[8]

A plaintiff bears the burden of pleading and proving equitable reasons for his failure to adhere to the 90-day limit.[9] This Court will not grant equitable tolling on the ground that a defendant would not be prejudiced, where there is no other factor justifying tolling.[10]

**B.     When the 90-Day Period Starts Running**

The 90-day period starts running upon receipt of an agency's final administrative action by either a plaintiff or her attorney, whichever occurs first. In *Irwin,* an attorney who received a right to sue letter from the EEOC failed to file suit on his client's behalf within the statutorily required time period. The attorney argued that the time period did not begin to run until his client personally received the letter, which occurred after delivery of the letter to the attorney's office and within the statutorily required time period. The Supreme Court rejected his argument, holding that the client was bound by his attorney's inaction. *Irwin,* 498 U.S. at 90-91.

---

[8] *See also Smith,* 971 F. Supp. at 1 (refusing to toll the 90-day period as requested by a plaintiff who was proceeding *pro se*).

[9] *DePippo,* 453 F. Supp.2d at 34; *Wiley,* 436 F. Supp.2d at 96; *McKay v. England,* No. Civ. A. 01-2535, 2003 WL 1799247, at *3 (D.D.C. Mar. 27, 2003).

[10] *Jackson,* 2006 WL 212136, at *4; *DePippo,* 453 F. Supp.2d at 35; *Smith,* 971 F. Supp. at 3.

5

Based on *Irwin,* this Court has repeatedly held that an attorney's receipt of an agency's final administrative action is enough to trigger the 90-day period.[11] *Jackson,* 2006 WL 212136, at *3, is instructive because of its factual similarities to this case. In that case, a plaintiff filed a Title VII complaint 91 days after her attorney received the agency's final administrative action. The plaintiff argued that her complaint was timely because it had been filed less than 90 days after she had received the agency's final administrative action. This Court rejected the plaintiff's argument, stating as follows:

> It is well settled that notice of final action is "received" when the agency delivers its notice to a claimant or a claimant's attorney – whichever comes first.

*Jackson,* 2006 WL 212136, at *3.

The plaintiff in *Jackson v. Snow* had designated the attorney as her representative at the administrative stage, and she did not contend that her attorney-client relationship with her attorney had been terminated prior to the attorney's receipt of the agency's final administrative action. Accordingly, this Court held that notice to the attorney was imputed to the plaintiff, and her 90-day period for filing a complaint began to run on the date that her attorney received notice of final agency action. *Jackson,* 2006 WL 212136, at *3. Because the complaint was filed on the 91st day, it was dismissed as untimely.

---

[11] *Jackson,* 2006 WL 212136; *DePippo,* 453 F. Supp.2d at 33, n.1; *Colbert,* 2005 WL 3273571, at *3, *aff'd*, 2006 WL 3687233, at *8 (dismissing as untimely a complaint filed 92 days after receipt by plaintiff's attorney); *McKay,* 2003 WL 1799247, at *1.

6

### III.     Argument

**A.     This Lawsuit Was Not Filed Within the Statutorily Required 90-Day Period.**

The FDIC's Final Agency Decision was delivered to the office of Plaintiff's attorney, David Shapiro, on April 27, 2006.[12]  Upon that delivery, the 90-day period in which the Plaintiff was required to file her lawsuit began to run.[13]  Plaintiff had previously designated Mr. Shapiro as her representative at the administrative stage of the case.  Nothing in the record suggests that Plaintiff ever terminated this representation and, indeed, Mr. Shapiro has continued to represent Plaintiff in this lawsuit.[14]

The 90th day was July 26, 2006.  Plaintiff, however, did not file her lawsuit until July 28, 2006, the 92nd day.  Accordingly, this lawsuit was not filed within the statutorily required 90-day period.

**B.     There Is No Basis For Applying Equitable Tolling of the Statutorily Required 90-Day Period.**

The record does not suggest any basis for equitable tolling of the

---

[12] The Complaint alleges that the "final agency decision, signed April 25, 2006, was dispatched by the FDIC's Office of Diversity [sic] and received by Ms. Bass's counsel on May 1, 2006."  Complaint ¶ 12.  This misstates the fact that the Final Agency Decision was delivered to Mr. Shapiro's law office on April 27, 2006.

[13] *See* authorities cited above at Section IIB.

[14] *Cf. Jackson,* 2006 WL 212136, discussed above, in which this Court held that the 90-day period began to run upon delivery of an agency's final administrative action to the attorney who represented the plaintiff at the administrative stage, even though that attorney did not continue to represent the plaintiff in federal court. *Jackson,* 2006 WL 212136, at *2, n.1.  Here, in contrast, Mr. Shapiro has continuously represented Ms. Bass in this matter since March 2005, both at the administrative stage and in this federal lawsuit.

7

statutorily required 90-day period. Nothing suggests, for example, that the FDIC engaged in affirmative misconduct that led the Plaintiff to miss the filing deadline, or that this Court led the Plaintiff to believe that she had done everything required of her. (*See* authorities cited above at Section IIA for a list of the circumstances in which equitable tolling has been allowed).

At most, the record suggests that the office of Mr. Shapiro, an experienced employment litigator, was dilatory in filing this lawsuit 92 days after receiving the FDIC's Final Agency Decision. This, though, would be nothing more than the type of garden variety claim of excusable neglect that does not justify equitable tolling of the statutorily required 90-day period.

### IV.    Conclusion

The Plaintiff did not satisfy the statutorily required 90-day period for filing her lawsuit. There is no basis for equitable tolling of that 90-day period. Accordingly,

8

summary judgment should be granted in favor of the Defendant based on the Plaintiff's failure to comply with the statute of limitations.

                    Respectfully submitted,

                    /s/ Barbara Sarshik
                    _____

                    Barbara Sarshik
                    D.C. Bar No. 943605
                    Counsel, Legal Division
                    Federal Deposit Insurance Corporation
                    3501 N. Fairfax Drive (VS-E6012)
                    Arlington, VA 22226
                    (703) 562-2309
                    (703) 562-2482 (Fax)

                    William S. Jones
                    Georgia Bar No. 404288
                    Counsel, Legal Division
                    Federal Deposit Insurance Corporation
                    3501 N. Fairfax Drive (VS-E6006)
                    Arlington, VA 22226
                    (703) 562-2362
                    (703) 562-2482 (Fax)

                    Attorneys for Defendant

Dated:  December 20, 2006

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MARY E. BASS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**SHEILA C. BAIR,** )<br>**Chairman,** )<br>**Federal Deposit Insurance Corporation,** )<br>)<br>**Defendant.** )<br>) | Case No. 1:06CV01345 |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, and Local Rules 7(h) and 56.1, Defendant Sheila C. Bair, Chairman of the Federal Deposit Insurance Corporation ("FDIC"), respectfully submits her Statement of Material Facts As to Which There Is No Genuine Issue.

1. On March 11, 2005, Plaintiff Mary Elizabeth Bass filed a formal administrative complaint of discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), with the FDIC. *See* Complaint ¶ 12; Declaration of Susan Berman ("Berman Decl."), ¶ 4 (attached as Exhibit "A" hereto).

2. A few weeks later, on March 29, 2005, Ms. Bass provided the FDIC's Office of Diversity and Economic Opportunity with a Designation of Representative designating attorney David H. Shapiro as her representative in all matters pertaining to her formal administrative complaint. The Designation of Representative stated that all official correspondence would be sent to Mr. Shapiro, with a copy to Ms. Bass. In it, Ms. Bass

expressly authorized Mr. Shapiro to "act for me in all matters pertaining to my discrimination claims." *See* Berman Decl. ¶ 5.

3.  On April 25, 2006, the Director of the FDIC's Office of Diversity and Economic Opportunity signed a Final Agency Decision regarding Ms. Bass' administrative complaint. On April 26, 2006, the FDIC sent the Final Agency Decision, by certified mail, to Mr. Shapiro, with a copy to Ms. Bass, also by certified mail. *See* Berman Decl. ¶ 6.

4.  United States Postal Service tracking records show that the Final Agency Decision was delivered to Mr. Shapiro's office on April 27, 2006. *See* United States Postal Service Track & Confirm records for Label/Receipt Number 7003 2260 8050 7085, publicly available on the Internet at: http://www.usps.com/shipping/trackandconfirm.htm?from=home&page=0035trackandconfirm. *See* Berman Decl. ¶ 7.

5.  The green postal service receipt evidencing delivery of the Final Agency Decision to Mr. Shapiro's office was signed by Taisha Hayes. Although it is undated, a date stamp placed on its reverse side by the United States Postal Service shows that the receipt had been sent back to the FDIC by either April 27 or April 28, 2006. *See* Berman Decl. ¶ 8.

6.  United States Postal Service tracking records show that delivery of the Final Agency Decision to Ms. Bass was attempted on April 27, 2006, and was completed on May 1, 2006. *See* United States Postal Service Track & Confirm records for Label/Receipt Number 7003 2260 0001 8050 7092, publicly available on the Internet at: http://www.usps.com/shipping/trackandconfirm.htm?from=home&page=0035trackandconfirm. *See* Berman Decl. ¶ 9.

7. The green postal service receipt evidencing delivery of the Final Agency Decision to Plaintiff was signed by Plaintiff on May 1, 2006. *See* Berman Decl. ¶ 10.

8. This lawsuit was filed on July 28, 2006. *See* Civil Docket for Case No. 1:06-cv-01345-GK; Complaint, electronic date stamp on page 1.

        Respectfully submitted,

        /s/ Barbara Sarshik
        _____

        Barbara Sarshik
        D.C. Bar No. 943605
        Counsel, Legal Division
        Federal Deposit Insurance Corporation
        3501 N. Fairfax Drive (VS-E6012)
        Arlington, VA 22226
        (703) 562-2309
        (703) 562-2482 (Fax)

        William S. Jones
        Georgia Bar No. 404288
        Counsel, Legal Division
        Federal Deposit Insurance Corporation
        3501 N. Fairfax Drive (VS-E6006)
        Arlington, VA 22226
        (703) 562-2362
        (703) 562-2482 (Fax)

        Attorneys for Defendant

Dated: December 20, 2006