# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARY E. BASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:06CV01345 |
| | ) | |
| SHEILA C. BAIR, | ) | |
| Chairman, | ) | |
| Federal Deposit Insurance Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF SUSAN BERMAN

I, Susan Berman, declare as follows:

1. My name is Susan Berman. I have personal knowledge of the facts contained herein, and I am competent to testify to the same.

2. I am Deputy Chief, Complaints Processing Branch, in the Office of Diversity and Economic Opportunity ("ODEO") at the Federal Deposit Insurance Corporation ("FDIC") headquarters office. My office is located in Arlington, Virginia. Among other things, ODEO processes both formal and informal complaints of discrimination at the FDIC.

3. As Deputy Chief, Complaints Processing Branch, I have access to the official records maintained by ODEO. Such records include, but are not limited to formal administrative complaints of discrimination filed by FDIC employees, and correspondence between ODEO and FDIC employees who have filed formal

Exhibit A

administrative complaints of discrimination, and those employees' designated representatives.

4. On March 11, 2005, Plaintiff Mary Elizabeth Bass filed a formal administrative complaint of discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), with the FDIC.

5. On March 29, 2005, Ms. Bass provided the FDIC's ODEO with a Designation of Representative designating attorney David H. Shapiro as her representative in all matters pertaining to her formal administrative complaint. The Designation of Representative stated that all official correspondence would be sent to Mr. Shapiro, with a copy to Ms. Bass. In it, Ms. Bass expressly authorized Mr. Shapiro to "act for me in all matters pertaining to my discrimination claims." *See* Designation of Representative attached as Exhibit 1 hereto.

6. On April 25, 2006, the FDIC's ODEO Director signed a Final Agency Decision regarding Ms. Bass' administrative complaint. On April 26, 2006, the FDIC's ODEO sent the Final Agency Decision, by certified mail, to Mr. Shapiro, with a copy to Ms. Bass, also by certified mail. *See* letter of April 26, 2006 and Final Agency Decision of April 25, 2006, attached as Exhibit 2 hereto.

7. United States Postal Service tracking records show that the Final Agency Decision was delivered to Mr. Shapiro's office on April 27, 2006. *See* United States Postal Service Track & Confirm records for Label/Receipt Number 7003 2260 8050 7085, publicly available on the Internet at:
http://www.usps.com/shipping/trackandconfirm.htm?from=home&page=0035trackandconfirm, attached as Exhibit 3 hereto.

8. The green postal service receipt evidencing delivery of the Final Agency Decision to Mr. Shapiro's office was signed by Taisha Hayes. Although it is undated, a date stamp placed on its reverse side by the United States Postal Service shows that the receipt had been sent back to the FDIC by either April 27 or April 28, 2006. *See* copy of postal service receipt signed by Taisha Hayes, attached as Exhibit 4 hereto.

9. United States Postal Service tracking records show that delivery of the Final Agency Decision to Ms. Bass was attempted on April 27, 2006, and was completed on May 1, 2006. *See* United States Postal Service Track & Confirm records for Label/Receipt Number 7003 2260 0001 8050 7092, publicly available on the Internet at: http://www.usps.com/shipping/trackandconfirm.htm?from=home&page=0035trackandconfirm, attached as Exhibit 5 hereto.

10. The green postal service receipt evidencing delivery of the Final Agency Decision to Plaintiff was signed by Plaintiff on May 1, 2006. *See* copy of postal service receipt signed by Mary E. Bass, attached as Exhibit 6 hereto.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, that the foregoing is true and correct.

Executed in Arlington, Virginia on

_December 18, 2006_
Date

_Susan Berman_
Susan Berman



**FDIC**

Federal Deposit Insurance Corporation
Room 801-1231, 3501 N. Fairfax Drive, Arlington, VA  22226-3500

Office of Diversity and Economic Opportunity

RECEIVED
MAR 2 9 2005
ODEO
COMPLAINTS PROCESSING BRANCH

## DESIGNATION OF REPRESENTATIVE

Agency Docket Number: FDICEO-050030

I, Mary Elizabeth Bass, hereby designate the individual listed below to serve as my representative in all matters pertaining to my discrimination claim(s) against the Federal Deposit Insurance Corporation.

| | |
|---|---|
| Name of Representative: | **Mr. David H. Shapiro** |
| Address: | **1225 Eye Street, N.W.** |
| | **Suite 1290** |
| | **Washington, DC. 2005** |
| | |
| Telephone Number: | **(202) 842-0300** |
| Facsimile Number: | **(202) 842-0300** |
| E-Mail Address: | **DHShapiro@SwickAndShapiro.com** |

I understand that the authority and responsibility granted to the above person by this designation may be terminated by me at any time.  If this should occur, I will notify, in writing, the EEO Counselor, as indicated below:

> FEDERAL DEPOSIT INSURANCE CORPORATION
> OFFICE OF DIVERSITY AND ECONOMIC OPPORTUNITY
> ATTN: OPHELIA JONES, EEO COUNSELOR
> ROOM 801-1235
> 3501 NORTH FAIRFAX DRIVE
> ARLINGTON, VA  22226-3500
> Facsimile Number: (202) 416-2520

Although my representative may act for me in all matters pertaining to my discrimination claims, I understand that in the event I withdraw my claim during the EEO process or reach a settlement with the Federal Deposit Insurance Corporation, I must personally sign any withdrawal notice or settlement agreement.

Please sign, date, and return this form to the EEO Counselor via mail to the address indicated above or via facsimile transmission to (202) 416-2520.

---

All official correspondence will be sent to the above designated representative, with copies to Aggrieved Person, unless Aggrieved Person directs the FDIC in writing to send official correspondence directly to him or her. 29 C.F.R. § 1614.605(d).

Exhibit 1

- 2 -

_Mary E. Bass_
Signature of Aggrieved Person

_3/28/05_
Date



**FDIC**
**Federal Deposit Insurance Corporation**
3501 Fairfax Drive (Room E2104), Arlington, VA 22226-3500

Office of Diversity and Economic Opportunity

April 26, 2006

<u>VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>
# 7003 2260 0001 8050 7085

David Shapiro, Esquire
Swick and Shapiro
1225 Eye Street, NW
Suite 1290
Washington, DC 20005

|  |  |
|---|---|
| In Reply Refer To: | Mary Bass |
| Agency Docket No: | FDICEO-050030 |
| Date Filed: | March 11, 2005 |

Dear Mr. Shapiro:

Enclosed is the Final Agency Decision of the Federal Deposit Insurance Corporation in the above-referenced complaint which was filed by your client, Mary Bass (Complainant).

If you have any questions, please contact me at (703) 562-6075.

Sincerely,

Susan L. Berman, Deputy Chief
Complaints Processing Branch

Enclosures:    Final Agency Decision
EEOC Form 573, Notice of Appeal/Petition

cc: Mary Bass (Complainant)
5941 Norham Drive
Alexandria, Virginia 22315
<u>VIA CERTIFIED MAIL, RETURN RECEIPT REQUIRED</u>
# 7003 2260 0001 8050 7092

James R. Lawrence, Assistant General Counsel, Labor, Employment & Administration Section, Legal Division
Leonard J. Levy, Senior EEO Specialist, Complaints Processing Branch, ODEO
Amelia White, Program Assistant, Complaints Processing Branch, ODEO

Exhibit 2



**Federal Deposit Insurance Corporation**

3501 Fairfax Drive (Room E2104), Arlington, VA 22226-3500      Office of Diversity and Economic Opportunity

| | |
|---|---|
| MARY E. BASS,<br>    Complainant,<br><br>        v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION,<br>    Agency. | Agency Docket No:  FDICEO-050030<br>Date Filed:        March 11, 2005 |

## FINAL AGENCY DECISION

This is the Final Agency Decision of the Federal Deposit Insurance Corporation (FDIC or Agency) finding no discrimination in the above-referenced employment discrimination complaint filed by Mary Bass (Complainant) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16.

## I. ADMINISTRATIVE PROCEDURES

Complainant initially contacted an Equal Employment Opportunity (EEO) Counselor on February 4, 2005, alleging discrimination involving the Division of Administration (DOA), Washington, DC. Informal EEO counseling was not successful in resolving the complaint. On February 25, 2005, Complainant was issued a Notice of Right to File a Formal Discrimination Complaint. Complainant filed her formal discrimination complaint on March 11, 2005. Based on a review of Complainant's formal complaint and the EEO Counselor's Report, the following claims were identified:

> Whether Complainant was discriminated against based on her race (Black) and due to reprisal (prior EEO activity) and whether she was the victim of harassment (non-sexual) when:
>
> 1. during a meeting on February 3, 2005, Ann Bridges-Steely, Complainant's second-level supervisor, referred to Complainant by calling her "Missy." This was done in front of her first-level supervisor; and
>
> 2. Ms. Bridges-Steely made statements that made Complainant uncomfortable, caused her intimidation and created a hostile work environment.

On March 15, 2005, Complainant was notified that Claim 1 was accepted for investigation. She was also asked to submit additional information regarding Claim 2. She was notified that a decision to accept or dismiss that claim would be made upon receipt of the additional requested information. On March 24, 2005, Complainant submitted the requested clarifying information related to Claim 2 but stated that she decided to use Claim 2 as background information to help support Claim 1.

A formal investigation was conducted and, on September 14, 2005, the Report of Investigation (ROI) was forwarded to Complainant. Complainant was informed that she could mediate her formal complaint through the FDIC's EEO Mediation Program. At the same time, Complainant was notified she had the right to request a hearing before an Administrative Judge appointed by the U.S. Equal Employment Opportunity Commission (EEOC) or to request a Final Agency Decision without a hearing. Complainant was also notified that if she failed to make a request within the specified time frames, 15 days to request mediation and 30 days to request a hearing, a Final Agency Decision would be issued based on the ROI. Complainant elected to mediate the complaint, but the mediation was not successful. Complainant did not request a hearing. Therefore, this Final Agency Decision is being issued based on the ROI.

## II.     BACKGROUND

At the time of the alleged discrimination, Complainant was employed as a Supervisory Contract Specialist, CM-1102-1, in the Acquisition Services Branch, DOA, Washington, DC. She claimed that on February 3, 2005, she was discriminated against and harassed based on her race and reprisal when Associate Director Ann Bridges-Steely, Complainant's second-level supervisor, called her "Missy" in front of Assistant Director Thomas Harris, Complainant's first-level supervisor. Complainant claimed that being addressed as "Missy" was a derogatory racial slur and the use of that term created a hostile work environment. ROI, Exhibits (Exhs.) D1 at 3-4; D3 at 1; and D4 at 1.

## III.     LEGAL STANDARDS FOR ANALYSIS

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, prohibits the federal government from discriminating against employees and applicants for employment based on race, sex, religion, national origin, and color, or retaliating against them for engaging in prior protected EEO activity.

The criteria set forth by the U.S. Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), as supplemented by more recent court decisions, have provided a systematic approach to be used in the analysis of employment discrimination cases involving allegations of disparate treatment. This systematic approach is generally a three-stage process involving a

shifting of burdens between parties. U.S. Postal Service v. Aikens, 460 U.S. 711 (1983); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981).

A complainant has the initial burden of establishing what is termed a prima facie case. The evidence appropriate to establish a prima facie case will vary, depending on the particular facts and circumstances at issue. In general, a complainant has the burden of showing that she was subjected to an adverse employment action under circumstances which, if left unexplained, gives rise to an inference of unlawful discrimination. The establishment of a prima facie case is not the equivalent of a factual finding of unlawful discrimination. Once a prima facie case has been established, the burden shifts to the agency to articulate a legitimate, nondiscriminatory reason for its action. The articulated reason must be sufficient to raise a genuine issue of material fact as to whether the action taken was motivated by an unlawful discriminatory bias. Additionally, the articulated reason should be stated with sufficient clarity and specificity to provide a complainant with a full and fair opportunity to meet her ultimate burden of proof. The burden of proof remains at all times with a complainant, who must ultimately show that prohibited discrimination played a part in the agency's decision.

Assuming the agency meets its burden, a complainant can still prevail if she demonstrates that the agency's explanation is a pretext for prohibited discrimination. A complainant demonstrates pretext by showing that the agency was more likely motivated by discrimination or, alternatively, that the articulated reason is unworthy of credence. A reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false and that prohibited discrimination was the real reason. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 509-11 (1993). The fact-finder, however, may infer discrimination where the evidence establishes that the agency's legitimate, non-discriminatory reason is unworthy of credence. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000).

The McDonnell Douglas formula applies to reprisal complaints as well. See Gulden v. Dept. of the Army, EEOC Appeal No. 05A01197, at 4 (December 14, 2000); Groom v. Dept. of the Air Force, EEOC Appeal No. 01994646, at 3 (December 12, 2000). In Hochstadt v. Worcester Foundation for Experimental Biology, 545 F.2d 222 (lst Cir. 1976), the Court provided guidelines to establish a prima facie case of reprisal. A complainant must show that: (1) she engage in a protected activity; (2) the agency was aware of the activity; (3) she was contemporaneously or subsequently adversely affected by an action of the agency, and (4) some nexus exists between the complainant's protected activity and the adverse employment action, i.e., the adverse employment action occurred within such a period of time that a retaliatory inference arises. Id.; Mitchell v. Baldridge, 759 F.2d 80, 86 (D.C. Cir. 1985); McKenna v. Weinberger, 729 F.2d 783, 790 (D.C. Cir. 1984).

Complainant also alleged harassment that rose to the level of a hostile work environment. To establish a prima facie case of hostile work environment non-sexual harassment, a complainant must show that: (1) she is a member of a statutorily protected class; (2) she was subjected to

harassment in the form of unwelcome verbal or physical conduct involving the protected class; (3) the harassment complained of was based on the statutorily protected class; and (4) the harassment affected a term or condition of employment and/or had the purpose or effect of unreasonably interfering with the work environment and creating an intimidating, hostile, or offensive work environment. Humphrey v. U.S. Postal Service, EEOC Appeal No. 01965238 (October 16, 1998); 29 C.F.R. § 1604.11.

A recurring point in hostile work environment opinions issued by the U.S. Supreme Court is that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" Faragher v. City of Boca Raton, 118 S.Ct. 2275, 2283 (1998); Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986). Instead, the existence of a hostile work environment is evaluated by considering the totality of the circumstances, including: (1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct reasonably interferes with an employee's performance. Stoeckel v. Environmental Management Systems, Inc., 882 F. Supp. 1106, 1114 (D.D.C. 1995), citing Harris v. Forklift Systems, 510 U.S. 17, 23 (1993). In hostile environment claims, the unlawful employment practice involves repeated conduct and "cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." National Railroad Passenger Corp. v. Morgan, 122 S.Ct. 2061, 2073 (2002).

IV.    ANALYSIS

A.    Complainant Failed to Establish a Prima Facie Case of Race
      Discrimination or Retaliation.

Complainant claims that she suffered discrimination based on her race when Ms. Bridges-Steely called her "Missy." Complainant admitted, however, that she did not know if Ms. Bridges-Steely called any other employees "Missy." ROI, Exh. D2 at 2. Therefore, she cannot show that she was treated differently than similarly situated co-workers. Moreover, the term "Missy" does not constitute a recognized racial slur. Therefore, Complainant's claim does not establish a prima facie case of racial discrimination.

Complainant also cannot establish a prima facie case of reprisal. She states that she engaged in prior protected EEO activity when she filed an earlier EEO complaint against the FDIC. Ms. Bridges-Steely acknowledges that she was aware of Complainant's prior EEO complaint because Complainant discussed the complaint with her on October 10, 2003. ROI, Exh. D3 at 2. Thus, Complainant can establish the first two elements of a prima facie case of reprisal. But, she cannot show that the alleged adverse action in the instant complaint occurred close enough in time to her prior EEO activity to infer a nexus between the two events. Complainant's prior EEO complaint was ultimately settled in January 2003. Complainant contacted an EEO

Counselor related to the instant complaint on February 4, 2005, over two years after the settlement of her earlier complaint. EEOC has held that 20 months between an alleged discriminatory action and prior protected EEO activity is too remote in time to infer a causal connection. Scheels v. U.S. Postal Service, EEOC Appeal No. 07A50005 (July 28, 2005); Clark County School District v. Breeden, 532 U.S. 268 (2001). Thus, Complainant failed to establish a prima facie case of retaliation.

     B.     <u>Management Articulated Legitimate Non-Discriminatory Reasons for Calling Complainant "Missy"</u>

Ms. Bridges-Steely stated that she held a meeting on February 3, 2005 with Complainant and Mr. Harris to discuss complaints she had received from various clients. Specifically, she noted that the clients expressed frustration about Complainant and her staff not returning telephone calls or answering e-mails. Ms. Bridges-Steely recalled that at the end of the meeting she told Complainant "returning phone calls and answering e-mails were a minimum requirement, [and] if you don't, we'll have other things to talk about, won't we 'Missy?'" ROI, Exh. D3 at 3.

A few minutes later, Ms. Bridges-Steely stated she went to Complainant's office to discuss why she used the term "Missy." She explained that she had asked Complainant not to address people as "sweetie" or "honey" in the work setting because such terms were unprofessional, but Complainant continued to do so. Ms. Bridges-Steely stated that her intent in addressing Complainant as "Missy" was to demonstrate how people might feel when referred to in terms that could be perceived as less than professional. According to Ms. Bridges-Steely, she wanted to help Complainant improve her leadership skills and professionalism, and she considered the incident to be a coaching session. She insisted that she did not consider "Missy" to be a racial slur, had not heard of it being used as a racial slur, and did not understand how it could be perceived as a racial slur. Id. at 3-7.

Mr. Harris agreed that Complainant frequently used "terms of endearment" such as "sweetie" with colleagues and clients. He also stated that Ms. Bridges-Steely had asked Complainant on a number of occasions to stop using such terms. Nevertheless, Complainant continued addressing people in this manner. Mr. Harris specifically recalled a meeting attended by the Director of the Division of Supervision and Consumer Protection (DSC) and various Deputy Directors, where Complainant addressed one of the DSC Deputy Directors as "sweetie." ROI, Exh. D4 at 8.

Based on the above, the Agency articulated a legitimate, nondiscriminatory reason for its action.

     C.     <u>Complainant Failed to Establish Pretext.</u>

Complainant claimed that when Ms. Bridges-Steely used the term "Missy," she interpreted it to be a hurtful racial slur. This brought back the memory of everything involved with

Complainant's prior EEO complaint against the FDIC plus the historical dehumanizing of African-Americans by the institution of slavery and the subsequent "Jim Crow" era. The Merriam-Webster Online Dictionary defines Missy as: a young girl, miss. The American Heritage Dictionary of the English Language: Fourth Edition (2000) defines it as: used as a familiar term of address for a young girl. Complainant, however, is not a young girl but an adult woman. The last statement Ms. Bridges-Steely made before calling Complainant "Missy" was to warn Complainant about possible future disciplinary action regarding her performance. A supervisor's use of the term "Missy" immediately following a warning could easily be interpreted as derogatory and deprecating. Similarly, the use of the term "boy" by a white individual to an adult African-American male is widely recognized as racially demeaning. Ms. Bridges-Steely insists that her intent was not to insult or demean Complainant, but to "coach" her to refrain from using terms such as "honey" and sweetheart" in the workplace. In assessing a claim of harassment, however, the intent of the alleged harasser is not relevant. Instead, the offending conduct must be examined from the subjective viewpoint of a reasonable person in the victim's circumstance. Pohlel v. U.S. Postal Service, EEOC Appeal No. 01A40343, (September 21, 2004) (citations omitted). While Complainant's interpretation of the term "Missy" as a racial slur may have been based on her personal experiences, Ms. Bridges-Steely showed poor judgment in addressing Complainant in this manner. It was not unreasonable that Complainant could have interpreted being called "Missy" by a white supervisor, especially following the supervisor's criticisms and warning, as offensive and racially demeaning. Therefore, Ms. Bridges-Steely's comment was not appropriate and could be perceived as an incident of harassment.

Complainant also raised four prior incidents that occurred between August 2003 and August 2004 as background information, to support her claim that Ms. Bridges-Steely's use of the term "Missy" was based on racial animus and retaliation. The first incident occurred during a managers' meeting in August/September 2003. Complainant claimed that during the meeting, Ms. Bridges-Steely responded to Complainant's comment about the pending reorganization by stating in a "rather nasty" tone that she did not need Complainant's "negativity." ROI, Exh. D2 at 3. The next incident occurred during a one-on-one meeting between Ms. Bridges-Steely and Complainant in September/October 2003. According to Complainant, Ms. Bridges-Steely confronted Complainant regarding rumors that Complainant was making negative comments about her. The third incident occurred during a meeting between Complainant and Ms. Bridges-Steely in November/December 2003 regarding the Corporate Success Award nominations, where Ms. Bridges-Steely allegedly told Complainant that she was informed about Complainant's prior EEO complaint before she accepted the job as Associate Director. In addition, she told Complainant that some managers were uncomfortable about the upcoming meeting about the Corporate Success Awards because they thought Complainant would tell employees whether they were nominated. The fourth incident occurred on or about August 2004, during a one-on-one meeting between Ms. Bridges-Steely and Complainant. At this meeting, Complainant claimed that Ms. Bridges-Steely confronted her about a rumor regarding Complainant informing

someone that Ms. Bridges-Steely used a connection at the Defense Department, where she previously worked, to get a co-worker deployed with the military. ROI, Exh. D2 at 3-6.

Ms. Bridges-Steely refuted Complainant's contentions about several of these incidents. Ms. Bridges-Steely denied speaking to Complainant in a nasty tone and described their working relationship as pleasant. She named a number of other managers who could attest to the appropriate and professional manner in which she interacted with Complainant. She further denied knowing about Complainant's earlier EEO complaint before she accepted the position as Associate Director. Ms. Bridges-Steely acknowledged meeting with Complainant regarding rumors that Complainant was making negative comments about her. According to Ms. Bridges-Steely, she reminded Complainant that she needed her support and she assured Complainant that she could talk directly with her about any concerns. She denied the incident concerning her connections at the Defense Department and insisted that she treated Complainant in the same manner as she treated her other managers. ROI, Exh. D3 at 7-9.

Because three out of the four of the background incidents that Complainant raised consisted of one-on-one meetings between Complainant and Ms. Bridges-Steely, and Complainant has no other independenjt evidence/information regarding these incidents, Complainant cannot prove that Ms. Bridges-Steely held these meetings to intimidate, harass, retaliate or discriminate against Complainant. Further, Ms. Bridges-Steely denied that certain incidents occurred and provided very different explanations of what transpired during other incidents. The burden of proof remains at all times with Complainant to prove by a preponderance of the evidence that discrimination occurred. Ford v. Dept. of Commerce, EEOC Appeal No. 01A46109 (April 7, 2006) (citing Postal service Board of Governors v. Aikens, 460 U.S. 711, 713-714 (1983). Based on the facts in this case, Complainant cannot prove that any of the incidents were based on her race or prior EEO activity.

Assuming arguendo that Ms. Bridges-Steely's decision to address Complainant as "Missy" was a racially offensive act, this one incident standing alone does not constitute a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-16e. Specifically, the one incident was not sufficient to alter the terms of Complainant's employment or prove a claim of racial discrimination or retaliation. The EEOC requires that a remark or comment be accompanied by a concrete action in order for a complainant to suffer sufficient injury to be an aggrieved employee. Kelly v. U.S. Postal Service, EEOC Appeal No. 01941599, March 3, 1994) ("a remark or comment, unaccompanied by a concrete action, is not a direct and personal deprivation sufficient to render an individual aggrieved") (citing Simon v. U.S. Postal Service, EEOC Request No. 05900866 (October 3, 1990)). Therefore, Complainant has failed to prove an actionable claim of discrimination based on race or retaliation.

### D. Hostile Work Environment

Harassment is actionable only if the incidents about which Complainant complained were based on her race or prior EEO activity and were sufficiently severe or pervasive to alter the conditions of Complainant's employment and create an abusive working environment. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993); Oncale v. Sundowner Offshore Services, Inc. 23 U.S. 75 (1998); Cobb v. Department of the Treasury, EEOC Request No. 05970077 (March 13, 1997). To establish a hostile work environment, Complainant relied on incidents as background information, as well as Ms. Bridges-Steely addressing her as "Missy." As discussed above, Complainant failed to prove that any of the background incidents were based on Complainant's race or prior EEO activity. Therefore, the use of the term "Missy," even if racially offensive, was an isolated incident and insufficient to prove a hostile work environment. Smith v. U.S. Postal Service Postal Service, EEOC Appeal No 01853167 (July 9, 1987) (citing Katz v. Dole, 709 F.2d 251 (4th Cir 1983).

Thus, Complainant cannot establish that she was subjected to racial or retaliatory harassment that rose to the level of a hostile work environment.

### V. CONCLUSION

It is the Final Agency Decision that Complainant was not discriminated against or subjected to a hostile work environment based on race or reprisal when her second-level supervisor called her "Missy."

If Complainant is dissatisfied with the Final Agency Decision in this complaint, pursuant to EEOC regulations at 29 C.F.R. §§ 1614.401 to 1614.410 (Appeals and Civil Actions), Complainant may file an appeal with the EEOC or file a civil action in a U.S. District Court. In the event an appeal is filed, Complainant must include the correct Agency docket number, FDICEO-050030, in all correspondence involving the appeal to avoid any undue delay in processing the appeal.

### VI. RIGHT TO APPEAL THE FINAL AGENCY DECISION

An appeal may be filed with the EEOC at any time up to thirty (30) calendar days from Complainant's receipt of this decision. If Complainant is represented by an attorney of record, the 30-day period for filing an appeal begins to run from the date that the attorney receives this decision.

An appeal may be mailed, delivered in person, or sent by facsimile transmission. The appeal may be mailed to:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> P.O. Box 19848
> Washington, DC  20036

The appeal may be hand-delivered to:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> Appellate Review Program
> 1801 L Street, NW
> Washington, DC  20507

The appeal may be sent by facsimile transmission to (202) 663-7022.  The EEOC has indicated that it will not accept facsimile transmissions over 10 pages.

If mailed, the appeal must be postmarked no later than the end of the 30-day filing period.  If hand-delivered or sent by facsimile transmission, the appeal must be received by the EEOC no later than the end of the 30-day filing period.

Complainant should use the enclosed EEOC Form 573, Notice of Appeal/Petition, and should indicate what is being appealed.  Complainant must furnish a copy of the appeal to the FDIC at the same time an appeal is filed with the EEOC.  If an appeal is not filed within the above time limits, the appeal will be untimely and may be dismissed by the EEOC.  The EEOC may exercise its discretion to extend the time limit for filing an appeal based upon a written statement showing that Complainant was not notified of the prescribed time limit and was not otherwise aware of it, or that circumstances beyond Complainant's control prevented the Notice of Appeal from being filed within the prescribed time limit.

Any statement or brief in support of the appeal must be submitted to the EEOC's Office of Federal Operations, and to the FDIC, within thirty (30) calendar days of filing the Notice of Appeal. Service on the FDIC by mail must be made on both of the following designated FDIC officials and addressed in the format indicated below:

> FEDERAL DEPOSIT INSURANCE CORPORATION
> OFFICE OF DIVERSITY AND ECONOMIC OPPORTUNITY
> ATTN: D. MICHAEL COLLINS, DIRECTOR
> 3501 FAIRFAX DRIVE (ROOM E2104)
> ARLINGTON, VA  22226-3500

and

FEDERAL DEPOSIT INSURANCE CORPORATION
LABOR, EMPLOYMENT & ADMINISTRATION SECTION, LEGAL DIVISION
ATTN: JAMES R. LAWRENCE, ASSISTANT GENERAL COUNSEL
3501 FAIRFAX DRIVE (ROOM D6134)
ARLINGTON, VA 22226-3500

Due to delays experienced by the Agency with receiving mail sent through the U.S. Postal Service, in addition to mailing a copy of the appeal, brief, or statement, a copy may also be sent by facsimile transmission to D. Michael Collins at (703) 562-6088 and to James R. Lawrence at (703) 562-2468.

VII.    RIGHT TO FILE A CIVIL ACTION

If Complainant elects not to appeal to the EEOC, Complainant has the right to file a civil action in federal district court on claims raised in the administrative process. A civil action may be filed in an appropriate U.S. District Court within ninety (90) calendar days of the date Complainant receives this Final Agency Decision.

If Complainant files an appeal with the EEOC, a civil action may also be filed in a U.S. District Court within ninety (90) calendar days of receipt of the EEOC's final decision on appeal. A civil action may also be filed any time after 180 calendar days from the date the appeal is filed with the EEOC, if a final decision has not been issued by the EEOC.

If Complainant files a civil action, and does not have or is not able to obtain the services of an attorney, Complainant may request the court to appoint an attorney as a representative in the matter and to permit Complainant to file the action without payment of fees, costs, or other security. The decision to grant or deny the request is within the sole discretion of the court. Filing a request for an attorney does not extend Complainant's time in which to file a civil action. Both the request and the civil action must be filed within the time frames identified above.

Complainant is further notified that if a civil action is filed, **Martin J. Gruenberg, Acting Chairman, Federal Deposit Insurance Corporation,** must be named as the Defendant and failure to do so may result in the dismissal of the action filed.

D. Michael Collins
Director

25 Apr 06
Date

Enclosure:    EEOC Form 573 (Notice of Appeal/Petition)

cc:  David Shapiro, Esquire (Complainant's Representative)
     Swick and Shapiro
     1225 Eye Street, NW, Suite 1290
     Washington, DC  20005
          VIA CERTIFIED MAIL, RETURN RECEIPT REQUIRED
          # 7003 2260 0001 8050 7085

     Mary Bass (Complainant)
     5941 Norham Drive
     Alexandria, Virginia  22315
          VIA CERTIFIED MAIL, RETURN RECEIPT REQUIRED
          # 7003 2260 0001 8050 7092

     James R. Lawrence, Assistant General Counsel, Labor, Employment & Administration Section,
        Legal Division
     Leonard J. Levy, Senior EEO Specialist, Complaints Processing Branch, ODEO
     Amelia White, Program Assistant, Complaints Processing Branch, ODEO

# NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### OFFICE OF FEDERAL OPERATIONS

1. Appellant's name (Last, First, Middle): [Please Print or Type]

2. Home/mailing address:

3. Name and address of attorney or other representative, if any:

4. Appellant's daytime telephone number (incl. area code): | 5. Representative's telephone number (if applicable):

6. Has the appellant filed a **formal complaint** with his/her agency?

    ☐ No     ☐ Yes - indicate the **Agency's** complaint number:_____

7. Name of the agency being charged with discrimination:

8. Location of the duty station or local facility in which the complaint arose:

9. Has a **FINAL DECISION** been issued by the agency, an Arbitrator, FLRA, or MSPB on this complaint?

    ☐ YES (Indicate the date the appellant RECEIVED it _____, and **ATTACH A COPY**.)

    ☐ NO

    ☐ This appeal alleges a breach of a settlement agreement.

10. Has a complaint been filed on this same matter with this Commission, <u>another</u> agency, or through any <u>other</u> administrative or collective bargaining procedure?

    ☐ NO   ☐ YES (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate).

11. Has a civil action (lawsuit) been filed in connection with this complaint?

    ☐ NO  ☐ YES (ATTACH A COPY OF THE CIVIL ACTION FILED)

12. Signature of appellant or appellant's representative | 13. Date:

**NOTICE:** Before mailing this appeal, be sure to <u>attach a copy of the final decision</u> from which you are appealing, if one has been issued. Any comments or brief in support of the appeal **MUST** be filed with the Commission AND with the agency within 30 days of the date this appeal is filed. Making a knowingly false statement on this form is punishable by law. See 18 USC § 1001. **PRIVACY ACT STATEMENT** ON REVERSE SIDE.

FOR EEOC USE ONLY:          OFO DOCKET NUMBER:

UNITED STATES
POSTAL SERVICE®

Home | Help | Sign In

Track & Confirm    FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7003 2260 0001 8050 7085
Status: **Delivered**

Your item was delivered at 1:14 pm on April 27, 2006 in WASHINGTON, DC 20005. A proof of delivery record may be available through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > ) (?)    ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

POSTAL INSPECTORS    site map    contact us    government services    jobs    National & Premier Accounts
Preserving the Trust    Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use    Privacy Policy

Exhibit 3

**Jones, William S.**

| | |
|---|---|
| **From:** | U.S._Postal_Service_ [U.S._Postal_Service@usps.com] |
| **Sent:** | Wednesday, December 13, 2006 8:15 AM |
| **To:** | Jones, William S. |
| **Subject:** | U.S. Postal Service Track & Confirm email Restoration - 7003 2260 0001 8050 7085 |

This is a post-only message. Please do not respond.

WILLIAM JONES has requested that you receive this restoration information for Track & Confirm as listed below.

Current Track & Confirm e-mail information provided by the U.S. Postal Service.

Label Number: 7003 2260 0001 8050 7085

Service Type: Certified

| Shipment Activity | Location | Date & Time |
|---|---|---|
| Delivered | WASHINGTON DC 20005 | 04/27/06  1:14pm |
| Acceptance | ARLINGTON VA 22210 | 04/26/06  4:14pm |

USPS has not verified the validity of any email addresses submitted via its online Track & Confirm tool.

For more information, or if you have additional questions on Track & Confirm services and features, please visit the Frequently Asked Questions (FAQs) section of our Track & Confirm site at http://www.usps.com/shipping/trackandconfirmfaqs.htm

BASS

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. *FAI*<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. *050030* | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>Tony Hayes |
| 1. Article Addressed to:<br><br>David Shapiro, Esq.<br>Sandi & Shapiro<br>1225 Eye St. N.W.<br>Ste 1090<br>Wash. D.C. 20005 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
|  | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. |
|  | 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7003 2260 0001 8050 7085 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1035

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

BASS

| | |
|---|---|
| Postage | $ $0.87 |
| Certified Fee | $2.40 |
| Return Receipt Fee (Endorsement Required) | $1.85 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $5.12 |

Postmark Here

Sent To  David Shapiro, Esquire
Street, Apt. No.; or PO Box No.  1225 Eye St. NW.
City, State, ZIP+4  Wash. D.C. 20005

7003 2260 0001 8050 7085

PS Form 3800, June 2002    See Reverse for Instructions

Exhibit 4



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

NO VA 220
SOUTHERN MD 207
28 APR 2006 PM L

• Sender: Please print your name, address and ZIP+4 in this box•

Federal Deposit Insurance Corporation
Complaint Processing
3501 Fairfax Drive
E-2068 - ODEO
Arlington, VA 22226

## Certified Mail Provides:

- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Service for two years

PS Form 3800, June 2002 (Reverse)

### Important Reminders:

- Certified Mail may ONLY be combined with First-Class Mail® or Priority Mail®.
- Certified Mail is *not* available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a *Return Receipt* may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement *"Restricted Delivery"*.
- If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

**IMPORTANT: Save this receipt and present it when making an inquiry. Internet access to delivery information is not available on mail addressed to APOs and FPOs.**

USPS - Track & Confirm

Page 1 of 1

≡ **UNITED STATES**
**POSTAL SERVICE**®

Home | Help | Sign In

Track & Confirm

FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7003 2260 0001 8050 7092
Status: **Delivered**

Your item was delivered at 10:16 am on May 01, 2006 in ALEXANDRIA,
VA 22315. A proof of delivery record may be available through your local
Post Office for a fee.

( Restore Offline Details > ) ( ? )     ( Return to USPS.com Home > )

Additional information for this item is stored in files offline.

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )



POSTAL INSPECTORS     site map     contact us     government services     Jobs     **National & Premier Accounts**
Preserving the Trust                                  Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use Privacy Policy

Exhibit 5

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do

12/13/2006

## Jones, William S.

| | |
|---|---|
| **From:** | U.S._Postal_Service_ [U.S._Postal_Service@usps.com] |
| **Sent:** | Wednesday, December 13, 2006 8:15 AM |
| **To:** | Jones, William S. |
| **Subject:** | U.S. Postal Service Track & Confirm email Restoration - 7003 2260 0001 8050 7092 |

This is a post-only message. Please do not respond.

WILLIAM JONES has requested that you receive this restoration information for
Track & Confirm as listed below.

Current Track & Confirm e-mail information provided by the U.S. Postal Service.

Label Number: 7003 2260 0001 8050 7092

Service Type: Certified

| Shipment Activity | Location | Date & Time |
|---|---|---|
| Delivered | ALEXANDRIA VA 22315 | 05/01/06 10:16am |
| Notice Left | ALEXANDRIA VA 22315 | 04/27/06 12:34pm |
| Arrival at Unit | ALEXANDRIA VA 22315 | 04/27/06  9:17am |
| Acceptance | ARLINGTON VA 22210 | 04/26/06  4:14pm |

USPS has not verified the validity of any email addresses submitted via its
online Track & Confirm tool.


For more information, or if you have additional questions on Track & Confirm
services and features, please visit the Frequently Asked Questions (FAQs)
section of our Track & Confirm site at
http://www.usps.com/shipping/trackandconfirmfaqs.htm

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X *Mary E. Bass*    ☐ Agent  ☐ Addressee

B. Received by (*Printed Name*)    C. Date of Delivery

*Mame Bass*    5/1/06

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

*Mary Bass*
*5941 Norham Dr.*
*Alexandria, VA 22315*

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)    ☐ Yes

2. Article Number
   (Transfer from service label)    7003 2260 0001 8050 7092

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1035

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ $0.97 |
| Certified Fee | $2.40 |
| Return Receipt Fee (Endorsement Required) | $1.85 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $5.22  04/28/2006 |

Postmark Here

Sent To  *Mary Bass*
Street, Apt. No.; or PO Box No.  *5941 Norham Dr.*
City, State, ZIP+4  *Alexandria, VA 22315*

PS Form 3800, June 2002    See Reverse for Instructions

7003 2260 0001 8050 7092

Exhibit 6



UNITED STATES POSTAL SERVICE

NO VA 220

01 MAY 2006 PM 3 T

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

ODEO

Federal Deposit Insurance Corporation
Complaint Processing
3501 Fairfax Drive
E-2068 - ODEO
Arlington, VA 22226

**Certified Mail Provides:**
- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Service for two years

**Important Reminders:**
- Certified Mail may ONLY be combined with First-Class Mail® or Priority Mail®.
- Certified Mail is *not* available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a *Return Receipt* may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement *"Restricted Delivery"*.
- If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

**IMPORTANT:** Save this receipt and present it when making an inquiry.
Internet access to delivery information is not available on mail addressed to APOs and FPOs.

PS Form 3800, June 2002 (Reverse)