## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY E. BASS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:06CV01345 (GK)** |
| ) | |
| **SHEILA C. BAIR, Chairman** ) | |
| **Federal Deposit Insurance Corporation,** ) | |
| ) | |
| **Defendant.** ) | |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

_____Plaintiff, Mary Bass, has complained that managers at her place of employment, the

Federal Deposit Insurance Corporation (FDIC), have subjected her to a hostile work environment

because she is African American and because she previously sued the FDIC for discrimination.

Having told Ms. Bass that her lawsuit had to be filed within 90 days of the date that she, the

"complainant," received the final agency decision, the FDIC asserts, in its pending Motion for

Summary Judgment, that although Ms. Bass's complaint was filed within 88 days after she

received the notice of the final agency decision, her complaint should be dismissed because her

attorney had received notice of the final agency decision four days before she did.  In response,

Ms. Bass maintains that defendant's motion must be denied, because defendant misled her by

expressly stating that the 90 days ran from the date she received the final agency decision and not

the date her attorney received it.  As such, principles of equitable tolling apply, and therefore,

Defendant's Motion for Summary Judgment should be denied so that Ms. Bass's discrimination

complaint can be decided on its merits.

**FACTS**

On February 4, 2005, Ms. Bass contacted an Equal Employment Opportunity (EEO) Counselor, because she believed her employer was discriminating against her because of her race and retaliating against her for having previously accused the FDIC of discrimination.  The Agency responded by providing Ms. Bass with a notification of her Rights and Responsibilities on February 11, 2005.  Pl. Ex. 1.

On February 25, 2005, the Agency informed Ms. Bass of her right to file a formal complaint.  Pl. Ex 2.  The notification stated:

> Your formal discrimination complaint must be in writing, signed and filed **within fifteen calendar days from the date you receive this Notice.**

*Id.* at 1. (Emphasis in original*).*  Ms. Bass complied with this deadline and by a letter, dated March 11, 2005, she filed her formal complaint.  Pl. Ex. 3.

By a letter, dated March 11, 2005, the FDIC acknowledged receipt of Ms. Bass's formal complaint.  Pl. Ex. 4.  Four days later, by a letter, dated March 15, 2005, Pl. Ex. 5, the FDIC informed Ms. Bass that one of her claims had been accepted and one had not.  The FDIC demanded additional information from Ms. Bass and told her that this information must be received "within five (5) calendar days of *receipt* of this letter." *Id.* at 2. (Emphasis added)

Despite Ms. Bass's expressed request to be provided correspondence by Facsimile and e-mail, the FDIC sent the March 15, 2005 letter, by certified mail to her home and, as a result, she did not receive this letter until Monday, March 21.  Based upon the date of receipt, Ms. Bass's response was due on Saturday, March 26, 2005.  She therefore complied with the deadline, and by a letter, dated March 24, 2005, Pl. Ex. 6, she responded to FDIC's request for additional

information.

On April 25, 2006, the FDIC issued a final agency decision to Ms. Bass. Ms. Bass received the final agency decision. Def. Ex. 2, attachment 2. The FDIC told Ms. Bass that if she wanted to file a civil action, she must do so within 90 days of *her* receipt of the final agency decision:

> If Complainant elects not to appeal to the EEOC, Complainant has the right to file a civil action in federal district court on claims raised in the administrative process. A civil action may be filed in an appropriate U.S. District Court within ninety (90) calendar days of the date *Complainant* receives this Final Agency Decision."

*Id.* at 10 (emphasis added).

This language was different than the words used to inform Ms. Bass about her rights to appeal the final agency decision to the Equal Employment Opportunity Commission (EEOC):

> An appeal may be filed with the EEOC at any time up to thirty (30) calendar days from Complainant's receipt of this decision. If Complainant is represented by an attorney of record, the 30-day period for filing an appeal begins to run from the date that the attorney receives this decision.

*Id.* at 8. The FDIC again ignored Ms. Bass's email and facsimile information and sent the letter with the final agency decision to Ms. Bass by certified mail. Ms. Bass therefore received the final agency decision on May 1, 2006. Def. Stmt. Mat. Fact ¶ 4. The FDIC also sent a copy of the final agency decision to David Shapiro, an attorney retained by Ms. Bass. The decision was received in Mr. Shapiro's office on April 27, 2006, by Taisha Hayes, a legal assistant in his office.

Plaintiff filed the pending lawsuit on July 28, 2006, 88 days after her receipt of the final agency decision. R. 1, Complaint.

**ARGUMENT**

The deadlines for filing a lawsuit by a Federal employee alleging discrimination are set

forth in 42 U.S.C. § 2000e-16..  The statute provides that:

> Within 90 days of receipt of notice of final action taken by a department, agency,
> or unit referred to in subsection (a) of this section, or by the Equal Employment
> Opportunity Commission upon an appeal from a decision or order of such
> department, agency, or unit on a complaint of discrimination based on race, color,
> religion, sex or national origin, brought pursuant to subsection (a) of this section,
> Executive Order 11478 or any succeeding Executive orders, or after one hundred
> and eighty days from the filing of the initial charge with the department, agency,
> or unit or with the Equal Employment Opportunity Commission on appeal from a
> decision or order of such department, agency, or unit until such time as final
> action may be taken by a department, agency, or unit, an employee or applicant for
> employment, if aggrieved by the final disposition of his complaint, or by the
> failure to take final action on his complaint, may file a civil action as provided in
> section 2000e-5 of this title, in which civil action the head of the department,
> agency, or unit, as appropriate, shall be the defendant.

However, these time requirements are not "a jurisdictional prerequisite to suit in federal court,

but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable

tolling." *Halcomb v. Office of the Senate Sergeant-at-Arms of U.S. Senate*, 209 F.Supp.2d 175,

178 (D.D.C. 2002), *quoting Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Thus,

equitable considerations may be available to toll the time when a discrimination claim must be

filed.  *Halcomb,* 209 F.Supp.2d at 178, *citing Jarrell v. United States Postal Service*, 753 F.2d

1088, 1091-92 (D.C. Cir.1985) (holding that plaintiff pleaded "equitable considerations which

may excuse noncompliance with the [Title VII] filing requirement" and the case was remanded to

the district court to determine whether these equitable considerations would permit the complaint

to be considered as timely filed).

Based upon *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990), the

FDIC now argues that Ms Bass's complaint should be deemed untimely because the 90-day

period should be calculated from the date the final agency decision was received in her attorney's

office and not the date that she, the "complainant receive[d]" the decision as stated by the FDIC

in its final agency decision.  *See* Def. Ex. 2, attachment 2 at 2 (Final Agency Decision) ("A civil

action may be filed in an appropriate U.S. District Court within ninety (90) calendar days of the

date *Complainant* receives this Final Agency Decision.").  *But see id* at 8 ("the 30-day period for

*filing an appeal* to the EEOC begins to run from the date that the attorney receives this

decision."). (Emphasis added).

   While it is true that the *Irwin* Court based its holding on the date that the attorney

received the decision, there are important reasons why that date should not apply here.  In

particular, the Supreme Court in *Irwin* noted that, "We have allowed equitable tolling in

situations...where the complainant has been induced or tricked by his adversary's misconduct

into allowing the filing deadline to pass."  *Irwin*, 498 U.S. at 96; *see also Washington v.*

*Washington Metropolitan Area Transit Authority*, 160 F.3d 750, 753 (D.C. Cir. 1998) (clarifying

that if the defendant affirmatively misled the plaintiff, then equitable tolling would apply).  The

D.C. Circuit has elaborated on this, stating that equitable tolling applies in various circumstances,

specifically noting that equitable tolling should apply when a party has received inadequate

notice or when a plaintiff has failed to meet a statutory deadline based on justifiable reliance on

advice from a government official.  *Bull S.A. v. Comer*, 55 F.3d 678, 681 (D.C. Cir. 1995)

(applying equitable tolling to the statute of limitations because the plaintiff had reasonably relied

on the incorrect deadline given by the Commissioner of Patent and Tradermarks); *see also*

*Freeman v. F.D.I.C.*, 56 F.3d 1394, 1405 n.2 (D.C. Cir. 1995) (explaining that statute of

limitations may be equitably tolled due to inadequate notice); *Mondy v. Secretary of the Army*,

845 F.2d 1051, 1057 (D.C. Cir. 1988) (applying equitable tolling where the plaintiff was unable

to meet the deadline because of government delay).

In this case, all of these reasons for applying equitable tolling are present.  First, the FDIC

induced Ms. Bass to untimely file her complaint by telling her that her complaint was due within

90 days of *her* receipt of the right-to-sue letter.  As such, the FDIC's notice was inadequate

because it misinformed Ms. Bass.  Finally, Ms. Bass calculated the filing deadline based on

justifiable reliance on information given to her by the FDIC.

**A.     The Court Should Apply Equitable Tolling Because the Agency Misled Ms. Bass in its Final Agency Decision.**

This Court should apply the principles of equitable tolling and allow Ms. Bass to proceed

with her complaint because the Agency misled Ms. Bass in its final agency decision, which

clearly stated that the time period ran "ninety (90) calendar days of the date *Complainant* receives

this Final Agency Decision."  Ms. Bass should not forfeit her right to pursue this action because

she followed this instruction.

In its right-to-sue notice, the FDIC clearly and unequivocally notified Ms. Bass that "[a]

civil action may be filed...within ninety (90) days of the date *Complainant* receives this Final

Agency Decision." (emphasis added).  In its notice, the FDIC clearly stated, what Title VII left

vague, that receipt of the notice by the complainant, by Ms. Bass, would trigger the start of the

time period for filing a lawsuit.  Title VII states that an employee must bring a civil action

"[w]ithin 90 days of receipt of notice of final action."  42 U.S.C. § 2000e-16(c).  Because Title

VII does not specify whether the clock starts ticking when the complainant or the complainant's

attorney receives the notification of the plaintiff's right to sue, the Supreme Court has clarified that it is whomever receives notification first. *Irwin,* 498 U.S. at 92.

But the FDIC's right-to-sue notice is not consistent with the notice discussed in *Irwin*. In *Irwin,* the Court is interpreting the language of the statute which provides that suit must be filed "[w]ithin 90 days of receipt of notice" of the final agency decision. However, by it's final agency decision, the FDIC specified that the time period started to run when the "Complainant" received the final agency decision. In *Irwin*, the Court noted that "[i]f Congress intends to depart from the common and established practice of providing notification through counsel, it must do so expressly." *Id.* at 93. While the Court found no such intent in *Irwin,* the FDIC clearly intended to depart from the practice of providing notice through counsel, and it clearly stated this intention. This is further supported by the fact that the FDIC distinguished the time period for appealing the final agency decision to the EEOC from the time period for filing a law suit. When explaining the time period for appeal to Ms. Bass, the FDIC specifically noted: "If Complainant is represented by an attorney of record, the 30-day period for filing an appeal to the EEOC begins to run from the date that the attorney receives this decision." Def. Ex. 2 at 16. This distinction is very significant because, unlike the situation here where the notice came after the FDIC's final agency decision, the notice in *Irwin* came from the EEOC after the filing an appeal by the attorney and did not contain the FDIC's express language stating that the 90-day period runs from the "date *Complainant* receives this Final Agency Decision." *See Iwrin,* 498 U.S. at 91 (notice stated that suit had to be filed "within 30 days of receipt of the EEOC notice.")

In contrast, the FDIC made no such statement when it explained the process of filing a law suit. In fact, it clearly expressed the opposite: that the clock began to run from the date of

receipt by *Complainant.* By clearly making this distinction, the FDIC misled Ms. Bass into believing that the time period for appealing the final agency decision to the EEOC was different than the time period for filing a law suit. As such, summary judgment cannot be granted.

**B.      The Court Should Apply Equitable Tolling Because Ms. Bass Justifiably Relied on Information Given to Her by Government Officers.**

If a plaintiff justifiably relies on information given to her by a government officer, then the Court may apply equitable tolling. *Bull S.A.*, 55 F.3d at 681. In this case, Ms. Bass believed that the complaint was due within ninety days of her, the complaint's, receipt of the right-to-sue letter, and she justifiably relied on the FDIC's notice to her. Indeed, she had no reason to believe otherwise. If Ms. Bass had known that the FDIC was going to hold her to an earlier date, she would have complied with that date. Indeed, throughout the course of the processing of her complaint, she had been mindful to the stringent deadlines that the FDIC imposed upon her, all of which ran from the date that she personally received documents from the FDIC. Because the FDIC elected to send things by certified mail instead of faxing or e-mailing them to her, she had to carefully note the actual date that she received documents about her complaint from the FDIC. As her complaint was filed on the 88th day after she received the final agency decision, she had no cause for concern. Ms. Bass should not be penalized because she and her attorneys were misled by the FDIC about when to file the complaint when they reasonably relied on information given to them by federal government officers.

**CONCLUSION**

For the above stated reasons, defendant's motion for summary judgment should be

denied.

Respectfully submitted,


_____/s/_____
David H. Shapiro
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W., Suite 1290
Washington, D.C.  20005
(202) 842-0300
dhshapiro@swickandshapiro.com
Attorneys for Plaintiff