**FDIC**

**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive (Room 801-1232), Arlington, VA 22226-3500          Office of Diversity and Economic Opportunity

March 15, 2005

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
# 7002 0860 0004 7271 5588

Mary E. Bass
5941 Norham Drive
Alexandria, VA 22315

        Agency Docket No.: FDICEO-050030
        Date Filed:         March 11, 2005

Subject: <u>Partial Acceptance of Formal Discrimination Complaint</u>

Dear Ms. Bass:

This is regarding the formal discrimination complaint filed by Mary E. Bass (Complainant) against the Federal Deposit Insurance Corporation (FDIC or Agency) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16.

Complainant's formal complaint, dated March 11, 2005, was faxed to and received by our Office on March 11, 2005, and is deemed filed on the date received.

Complainant initially contacted an Equal Employment Opportunity (EEO) Counselor on February 4, 2005, alleging discrimination involving the Division of Administration, Washington, DC. Informal EEO counseling was not successful in resolving the claim(s) raised and on February 25, 2005, Complainant was issued a Notice of Right to File a Formal Discrimination Complaint (NRTF). The NRTF advised Complainant of the procedures and time limit for filing a formal complaint.

Based on Complainant's formal complaint and the enclosed EEO Counselor's Report, the following claims were identified:

    Whether Complainant was discriminated against based on her race (Black) and due to reprisal (prior EEO activity) and whether she was the victim of harassment (non-sexual) when:

    1. during a meeting on February 3, 2005, Ann Bridges-Steely, Complainant's second-level supervisor, referred to Complainant by calling her "Missy." This was done in front of her first-level supervisor; and

    2. Ms. Bridges-Steely made statements that made Complainant uncomfortable, caused her intimidation and created a hostile work environment.

*Received*
3/21/05
MB

Re: Bass, FDICEO-050030                                                                                     Page 2 of 2

Claim 1 is accepted for investigation. Claim 2 is not accepted at this time, pending receipt of additional information, as explained below, which is needed prior to making a determination as to whether to accept that Claim.

ACCEPTED CLAIM 1

Claim 1 is accepted for investigation. If the above-identified claim is incorrect, please inform Leonard J. Levy, Senior EEO Specialist, of the claim(s) Complainant is alleging to be discriminatory, as well as the relevant date(s). This information must be provided, in writing, within five (5) calendar days of Complainant's receipt of this letter to Mr. Levy at the address provided below. If this Office does not receive a written reply within five (5) calendar days of receipt of this letter, the above-identified claims will be forwarded for investigation.

All correspondence regarding this complaint must include the Agency Docket Number FDICEO-050030 and the date filed, March 11, 2005. This information will assist us in responding promptly. Correspondence forwarded to this Office by regular and certified mail should be addressed in the format indicated below:

> FEDERAL DEPOSIT INSURANCE CORPORATION
> OFFICE OF DIVERSITY AND ECONOMIC OPPORTUNITY
> COMPLAINTS PROCESSING BRANCH
> ATTN: LEONARD J. LEVY, SENIOR EEO SPECIALIST
> 3501 NORTH FAIRFAX DRIVE (ROOM 801-1225)
> ARLINGTON, VA  22226-3500

Overnight and express mail and hand-deliveries should be to:

> FEDERAL DEPOSIT INSURANCE CORPORATION
> OFFICE OF DIVERSITY AND ECONOMIC OPPORTUNITY
> COMPLAINTS PROCESSING BRANCH
> ATTN: LEONARD J. LEVY, SENIOR EEO SPECIALIST
> 801 17TH STREET, NW (ROOM 1225)
> WASHINGTON, DC  20434

Due to the delays experienced by the Agency with receiving mail sent through the U.S. Postal Service, in addition to mailing any correspondence, a copy may also be sent by facsimile transmission to Leonard J. Levy at (202) 416-4295.

Once a determination is made as to whether Claim 2 will be accepted, Complainant will be notified of the investigator assigned to conduct the investigation. If evidence obtained during the investigation indicates that dismissal of a claim is appropriate, all decisions will be made in accordance with the U.S. Equal Employment Opportunity Commission (EEOC) regulations at 29 C.F.R. § 1614.107. If a hearing is requested at the conclusion of the investigation of the accepted claim(s), an administrative judge appointed by the EEOC may review any dismissed claim(s). However, there is no immediate right to appeal a dismissed claim. Any partial dismissal may not be appealed until final agency action is rendered by the FDIC on all the

claims. 29 C.F.R. § 1614.107(b). A final agency action is either a Final Agency Order (if there is a hearing) or a Final Agency Decision (if no hearing is held). A complaint that is dismissed in its entirety may be appealed after a Final Agency Decision is issued. Complainant will be provided appeal rights with the final agency action.

Pursuant to the EEOC regulations at 29 C.F.R. § 1614.108, a copy of the Report of Investigation (ROI) is to be forwarded to Complainant within 180 calendar days of the date that Complainant filed the formal complaint, unless there is a written agreement to an extension. Prior to receipt of the ROI, Complainant may amend this complaint to add claims that are like or related to the claim(s) raised in this complaint. 29 C.F.R. § 1614.106(d). There is no requirement that Complainant seek EEO counseling on these new claims. However, if the new claim is not like or related, then Complainant will be referred to an EEO Counselor. Complainant must submit any new claim(s) to this Office to the address indicated above.

At the time the ROI is transmitted, a Notice about participating in the FDIC's EEO Mediation Program and the Right to Request a final agency action with or without a hearing will be provided. Complainant may elect to participate in the FDIC's EEO Mediation Program and to either request a hearing before an Administrative Judge appointed by the EEOC or request a Final Agency Decision without a hearing to be issued by Donald E. Powell, Chairman, FDIC, or his designee. The Notice will provide detailed information relating to the procedures and time limits imposed for making the election and requests.

The EEOC regulations also provide that if 180 calendar days have elapsed from the filing date of the formal complaint, and a copy of the ROI has not been received, then Complainant may request a hearing before an Administrative Judge appointed by the EEOC, or may file an action in federal district court. Unless this Office receives written notification from Complainant that one of these options is being exercised, this Office will continue processing this complaint.

When 180 calendar days have elapsed from the filing date of the formal complaint, and Complainant requests a hearing, <u>Complainant must send the written request directly to the U.S. EEOC Washington Field Office</u> to:

> U.S. Equal Employment Opportunity Commission
> Hearings Unit
> Washington Field Office
> 1801 L Street, N.W., Suite 100
> Washington, D.C. 20507

<u>Complainant must certify that a copy of the request for a hearing was also sent to the FDIC</u> to Michael P. Moran, Chief, Complaints Processing Branch, at the FDIC address indicated above.

### REQUEST FOR CLARIFICATION – CLAIM 2

Concerning Claim 2, Complainant needs to provide the following information:

Re: Bass, FDICEO-050030                                                      Page 4 of 4

1. Are you raising the allegedly harassing statements made by Ms. Bridges-Steely over the past 1½ years as a separate claim in this complaint or as background information to support Claim 1?

2. If you are raising the allegedly harassing statements as a separate claim, for any statements made more than 45 days prior to your contact with an EEO Counselor on February 4, 2005, explain why you did not raise a claim that such statements were discriminatory at an earlier time.

3. Provide the following information for each of the allegedly harassing statements made by Ms. Bridges-Steely over the past 1½ years that was referred to in the formal complaint:
   a. The statement she made.
   b. The date she made the statement.
   c. Who else heard her make the statement.
   d. Why the statement made you uncomfortable.
   e. Why you found the statement intimidating.
   f. Why the statement created a hostile work environment for you.

This information must be provided, in writing to Mr. Levy, within five (5) calendar days of Complainant's receipt of this letter. If this Office does not receive a written reply concerning this matter within five (5) calendar days of receipt of this letter, Complainant's claims listed under Claim 2 will be considered background information related to Complainant's accepted claim of discrimination as listed above, and not claims of discrimination to be investigated.

If there are any questions about any of the matters raised in this letter, please contact Mr. Levy, Senior EEO Specialist, at (202) 416-2834 or me at (202) 416-2014.

                                        Sincerely,

                                        Michael P. Moran
                                        Chief, Complaints Processing Branch

Enclosure: EEO Counselor's Report

cc:   Leonard J. Levy, Senior EEO Specialist, Complaints Processing Branch, ODEO
      Stephanie M. Gordon, EEO Specialist, Complaints Processing Branch, ODEO