UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY E. BASS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06CV01345 |
| ) | |
| **SHEILA C. BAIR,** ) | |
| **Chairman,** ) | |
| **Federal Deposit Insurance Corporation,** ) | |
| ) | |
| Defendant. ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

In response to Defendant's Motion for Summary Judgment, Plaintiff explicitly admits that the FDIC's Final Agency Decision was received at the offices of her attorney, Mr. Shapiro, on April 27, 2006. *See* Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Opposition"), p. 3.[1] This was 92 days before she filed her Complaint on July 28, 2006. As Plaintiff recognizes, her Complaint must be dismissed as untimely unless the 90-day statutorily required filing period is equitably tolled.

---

[1] This admission is inconsistent with the Complaint, in which Plaintiff alleged that her attorney received the Final Agency Decision on May 1, 2006. Complaint ¶ 12 ("a final agency decision, signed April 25, 2006, was dispatched by the FDIC's Office of Diversity and received by Ms. Bass's counsel on May 1, 2006."). In addition, Plaintiff's Opposition did not include a statement of genuine issues as required by LCvR 7(h) and 56.1. The Court may assume that all facts identified by Defendant in its statement of material facts are admitted. *Id.*

Plaintiff's request for equitable tolling is based entirely on the argument that Plaintiff was misled by the FDIC and that she justifiably relied on information given to her by the FDIC. This argument ignores the fact that Plaintiff is now, and had been for over a year before the Final Agency Decision was issued, represented by experienced counsel, who is thoroughly familiar not only with Title VII federal sector cases in general, but with the procedures used by this Defendant federal agency in particular. Accordingly, Plaintiff is charged with constructive knowledge of the law regarding the 90-day statutorily required period for filing a civil action.

The law is clear that "[u]nder our system of representative litigation, each party is deemed bound by the acts of [her] lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990) (internal quotations omitted); *accord Jackson v. Snow*, No. Civ. A. 05-1266 CKK, 2006 WL 212136, at *4 (D.D.C. Jan. 27, 2006).

Plaintiff's opposition is nothing more than an attempt to avoid the consequences of counsel's failure to file timely. As shown in Defendant's motion and supporting brief, the case law is clear that absent some unusual circumstance, not proved or even pleaded here, there can be no equitable tolling of the limitations period and this Complaint must be dismissed as untimely.

## II.  Argument

**PLAINTIFF HAS FAILED TO SET FORTH ANY CIRCUMSTANCES WARRANTING EQUITABLE TOLLING OF THE 90-DAY PERIOD.**

Contrary to Plaintiff's argument, a plaintiff is not entitled to equitable tolling of a statutorily prescribed filing deadline in an employment discrimination case if she was

represented by an attorney before the expiration of that deadline. This principle has been well established in this circuit[2] and numerous other federal courts.[3] The reasoning underlying these cases is simple: Once a plaintiff retains an attorney, equitable tolling ceases because the plaintiff has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements.[4] Accordingly, Plaintiff's

---

[2] *See, e.g., Washington v. Washington Metropolitan Area Transit Authority,* 160 F.3d 750, 753 (D.C. Cir. 1998) (denying equitable tolling to a plaintiff "who was represented by counsel during at least part of the filing period"); *Battle v. Rubin,* 121 F. Supp.2d 4, 8-9 (D.D.C. 2000) (decision by this Court denying equitable tolling of an employment discrimination claim where "the plaintiff had legal representation from the start of this administrative proceeding" and "plaintiff's counsel should have known about the appropriate time requirements for this administrative action"); *Downey v. Firestone Tire & Rubber Co.,* No. 83-3288, 1984 WL 1042, at *2 (D.D.C. Jun. 21, 1984) (denying equitable tolling to a plaintiff who was "represented by counsel who was chargeable with knowledge of the time requirements for the filing of ADEA charges with EEOC" even though the plaintiff's attorney was a retired antitrust attorney with no employment law experience).

[3] *See, e.g., Johnson v. Henderson,* 314 F.3d 409, 417 (9th Cir. 2002) ("Equitable tolling is unavailable to [the plaintiff] because the undisputed evidence . . . indicates that she was represented by counsel in this matter from June 2000 onward."); *Biester v. Midwest Health Services, Inc.,* 77 F.3d 1264, 1268 (10th Cir. 1996) (even though plaintiff claimed to have mental illness, court rejected plaintiff's equitable tolling argument where plaintiff was represented by counsel during the 90-day period and his attorney had adequate time to initiate action within that period); *Kojin v. Barton Protective Serv.,* 339 F. Supp.2d 923, 930 (S.D. Tex. 2004) (denying equitable tolling of employment discrimination claims where plaintiff was represented by an attorney); *Harrison v. Potter,* 323 F. Supp.2d 594, 602 (S.D.N.Y. 2004) (Title VII plaintiff "cannot in good faith claim ignorance of EEOC procedural requirements when she has had counsel representing her in this matter"); *Alvarez v. Delta Airlines, Inc.,* 319 F. Supp.2d 240, 248 (D. Mass. 2004) ("if an employee consults with or retains the services of an attorney prior to the expiration of the period to file a timely claim of employment discrimination, equitable tolling is inapplicable."); *Freeman v. CSX Transp. Co., Inc.,* 730 F. Supp. 1084, 1086-1087 (M.D. Ala. 1989) ("Equitable tolling is particularly inappropriate when plaintiff has consulted counsel during the statutory period.").

[4] *See, e.g., Weigel v. Baptist Hosp. of East Tennessee,* 302 F.3d 367, 376 (6th Cir. 2002) ("Constructive knowledge of a time limit will usually be imputed when the plaintiff retains an attorney within the limitations period."); *Leorna v. United States Dep't of State,* 105 F.3d 548, 551 (9th Cir. 1997) ("once a claimant retains counsel, tolling ceases because she has gained the means of knowledge of her rights and can be charged with

*(footnote continued)*

arguments are specious that she was "misled" by the FDIC and that she "justifiably relied" on an alleged ambiguity in the notice letter so as to cause her complaint to be untimely.

In a set of facts remarkably similar to this case, a district court denied equitable tolling in *Wagher v. Guy's Foods, Inc.,* 768 F. Supp. 321 (D. Kan. 1991). Initially, the court held that equitable tolling would be permitted because the EEOC had told the plaintiff that the 90-day filing period would not begin until the plaintiff actually received her right-to-sue letter. Upon reconsideration, the court reversed its initial decision and held that equitable tolling would not be allowed because the plaintiff was represented by an attorney during the filing period. As the court stated:

> Where the complainant seeks equitable tolling on the allegation that the EEOC or other agency has misled him or her, it is critical to evaluate the complainant's independent knowledge of that matter in determining whether reliance on that advice was justified. See *Jarrell v. United States Postal Service,* 753 F.2d 1088, 1091-92 (D.C. Cir. 1985) ("justifiable reliance on advice"). . . .
>
> By virtue of her legal representation throughout the administrative proceedings, this court believes it has no choice but to find that plaintiff could not justifiably rely on the EEOC's representations regarding the law. An attorney is presumed to have a working knowledge of Title VII's filing requirements. Neither the client nor the attorney can justifiably rely on any representation of the EEOC which contradicts or is inconsistent with that knowledge. The concept of notice to an attorney constituting notice to the client is so firmly rooted in our judicial system that plaintiff's failure to act upon the notice to her attorney bars any equitable relief.

*Wagher,* 768 F. Supp. at 325-326.

---

constructive knowledge of the law's requirements"); *Gilmore v. University of Rochester Strong Memorial Hospital Div.,* 384 F. Supp.2d 602, 608 (W.D.N.Y. 2005) (and cases cited therein).

4

Notably, the court relied upon this circuit's decision in *Jarrell v. United States Postal Service,* 753 F.2d 1088 (D.C. Cir. 1985), in which this circuit required a showing of "justifiable reliance" upon the advice of a government official to permit equitable tolling of a statutory filing deadline in an employment discrimination case. This Court has also held that equitable tolling will not be permitted where a plaintiff has not exercised due diligence.[5] However the principle is expressed, the result is the same: a plaintiff cannot obtain equitable tolling of a filing deadline in an employment discrimination case if she had actual or constructive knowledge of the law concerning the filing deadline.[6]

This result applies here. The Plaintiff has been represented by attorney David Shapiro since at least March 28, 2005, the date on which she signed a Designation of Representative designating him to serve as her representative at the administrative stage

---

[5] *Ghannam v. Natsios,* No. Civ. A 04-0865(GK), 2006 WL 286862, at *4 (D.D.C. Feb. 6, 2006) (Kessler, J.) ("A plaintiff will not be afforded extra time to file without exercising due diligence"); *Wilkins v. Daley,* 49 F. Supp.2d 1, at 2 (D.D.C. 1999) ("in order to invoke equitable tolling, a complainant must establish that she acted diligently to preserve her claim").

[6] Plaintiff mistakenly relies upon *Bull, S.A. v. Comer,* 55 F.3d 678 (D.C. Cir. 1995), to support her argument that she justifiably relied upon a boilerplate phrase in the Final Agency Decision. *See* Plaintiff's Opposition at p. 8. *Bull* did not involve Title VII filing requirements, or any consideration of whether the plaintiff was represented by an attorney when it was given the advice upon which it relied. Instead, *Bull* involved the deadline for filing an application to renew a trademark with the Commissioner for Patents and Trademarks under a "byzantine statutory scheme." 55 F.3d at 682. Based on the specific facts before it, the court held that the plaintiff had justifiably relied on the advice of a government officer. Here, in contrast, it is well established that a Title VII plaintiff who has an attorney is charged with constructive knowledge of Title VII filing requirements, as set forth in the above cited cases. Accordingly, Plaintiff's purported reliance upon the boilerplate language in the FDIC's Final Agency Decision was not justifiable.

of her case. March 28, 2005 was over a year before the date in 1996 on which the 90-day filing period began to run.

Mr. Shapiro is a highly experienced attorney who has represented plaintiffs in numerous employment discrimination lawsuits in federal court over a course of many years.[7] Based on the above cited legal authorities, Mr. Shapiro is indisputably charged with knowledge of the law's requirements. Plaintiff, as Mr. Shapiro's client, has constructive knowledge of the law's requirements.

Mr. Shapiro has also represented several FDIC employees in Title VII litigation against the FDIC, as stated in footnote 7. As a result, he is thoroughly familiar with the boilerplate language by which he now claims to have been misled. In any event, that boilerplate language is comparable to the language that has routinely been used by other federal agencies and the EEOC in right-to-sue notices, which advise Title VII complainants that they must file suit "within 90 days from your receipt of this Notice."[8] At most, the reference to "Complainant's receipt" is ambiguous.[9] Ambiguity, however, in a right-to-sue notice does not support equitable tolling.[10] Consequently, in addition to

---

[7] PACER/ECF shows that Mr. Shapiro has been the attorney of record in a total of 138 cases in this Court. Of these, approximately 117 cases appear to have involved Title VII. Additionally, Mr. Shapiro has been the attorney of record on behalf of FDIC employees in approximately 19 cases filed against the FDIC.

[8] *See, e.g., Colbert v. Potter,* No. Civ. A. 04-996, 2005 WL 3273571, at *3 n.1 (D.D.C. July 28, 2005), *aff'd,* 471 F.3d 158 (D.C. Cir. 2006) (United States Postal Service); *Hiller v. Oklahoma ex rel. Used Motor Vehicle and Parts Comm'n,* 327 F.3d 1247, 1249 n.1 (10th Cir. 2003) (EEOC); *Bobbitt v. Freeman Companies,* 268 F.3d 535, 536 (7th Cir. 2001) (EEOC).

[9] The reference to "Complainant's receipt" could well be understood as referring to receipt by either Plaintiff or her attorney. In many situations, a party is considered to have received something if it has been served upon or delivered to her attorney. *See, e.g.,* Fed. R. Civ. P. 5(b).

[10] *Long v. Frank,* 22 F.3d 54, 59 (2d Cir. 1994).

the fact that Plaintiff is charged with constructive knowledge of the law's requirements, nothing suggests that the FDIC did anything to affirmatively mislead the Plaintiff.

In sum, Plaintiff argues that the FDIC was required to guide her through the complexities of litigation, despite her representation by a highly experienced employment attorney. This argument is wrong. At most, this case involves nothing more than a garden variety claim of excusable neglect. The law does not permit Plaintiff to use equitable tolling to evade the consequences of her attorney's failure to meet a statutorily prescribed deadline of which he was well aware. Consequently, Plaintiff is not entitled to equitable tolling.

### III. Conclusion

Plaintiff has the burden of pleading and proving equitable reasons for her failure to satisfy the statutorily required 90-day period for filing her lawsuit. Under well established law, equitable tolling applies only in "extraordinary and carefully circumscribed instances." *Mondy v. Sec'y of the Army,* 845 F.2d 1051, 1057 (D.C. Cir. 1988). Plaintiff has demonstrated no valid basis for equitable tolling of that 90-day period. Accordingly, summary judgment should be granted in favor of the Defendant based on the Plaintiff's failure to comply with the applicable statute of limitations.

Respectfully submitted,

/s/ Barbara Sarshik
_____
Barbara Sarshik
D.C. Bar No. 943605
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6012)
Arlington, VA 22226
(703) 562-2309
(703) 562-2482 (Fax)

                          William S. Jones
                          Georgia Bar No. 404288
                          Counsel, Legal Division
                          Federal Deposit Insurance Corporation
                          3501 N. Fairfax Drive (VS-E6006)
                          Arlington, VA 22226
                          (703) 562-2362
                          (703) 562-2482 (Fax)

                          Attorneys for Defendant

Dated: January 23, 2007