UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARY E. BASS,              ) | |
|                            ) | |
|     Plaintiff,             ) | |
|                            ) | |
|         v.                 ) | Case No. 1:06CV01345 |
|                            ) | |
| SHEILA C. BAIR,            ) | |
| Chairman,                  ) | |
| Federal Deposit Insurance Corporation, ) | |
|                            ) | |
|     Defendant.             ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On December 20, 2006, Defendant moved for summary judgment on the ground that the Complaint was not filed within the 90-day time period statutorily required by 42 U.S.C. § 2000e-16(c). Defendant argued in its motion and supporting memorandum that the statutorily required 90-day period should be applied strictly without equitable tolling. The parties addressed this issue in their opposing and responding briefs. Since these briefs were filed, a few cases were decided that are pertinent and significant to this issue. The purpose of this supplemental memorandum is to bring these recent cases to this Court's attention.[1]

In *Lawrence v. Florida,* 127 S. Ct. 1079 (2007), a death penalty case, the Supreme Court rejected the claim that an attorney's mistake in calculating a filing deadline could support equitable tolling, stating: "Attorney miscalculation is simply not sufficient to

---

[1] Presently, a status conference is set for June 25, 2007; the close of discovery is set for June 29, 2007; and dispositive motions are due to be filed on July 27, 2007.

warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." 107 S. Ct. at 1085.

In *Woodruff v. Peters,* 482 F.3d 521 (D.C. Cir. 2007), the D.C. Circuit has reaffirmed that courts apply the 90-day statutorily required period strictly. As the D.C. Circuit stated:

> Courts apply this limit strictly and "will dismiss a suit for missing the deadline by even one day." *Wiley v. Johnson,* 436 F.Supp.2d 91, 96 (D.D.C. 2006); *Harris v. U.S. Dep't of Veterans Affairs,* 126 F.3d 339 (D.C. Cir. 1997) (giving effect to a complaint filed one day late only because the Department failed to raise the untimeliness in its answer).

482 F.3d at 525. The D.C. Circuit further stated that if the plaintiff had filed his lawsuit even 91 days after receiving notice of the Agency's Final Agency Decision, his lawsuit would be untimely. 482 F.3d at 525.[2]

Additionally, in *Crane v. Nat'l Cable Satellite Corp.,* __ F. Supp.2d __, No. 05-2052, 2007 WL 1241825 (D.D.C. Apr. 30, 2007), this Court declined to apply equitable tolling, and it granted summary judgment in favor of the defendant on the ground that the plaintiff did not file her Title VII lawsuit within the statutorily required 90-day period. That case involved boilerplate language substantially identical to the boilerplate language used in this case,[3] further demonstrating that federal agencies and the EEOC routinely

---

[2] In *Woodruff,* the record did not establish the date on which the plaintiff received the defendant's Final Agency Decision; thus, the court rejected the defendant's defense of untimely filing. 482 F.3d at 525. Here, in contrast, the record establishes that the plaintiff's attorney received the Defendant's Final Agency Decision more than 90 days before filing this lawsuit. Defendant's Statement Of Material Facts As To Which There Is No Genuine Issue, ¶¶ 4, 5 and 8.

[3] In that case, the plaintiff and her attorney received a right-to-sue letter stating, "Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this Notice . . ." 2007 WL 1241825, at *1. Here, the right-to-sue letter stated, "A civil action may be filed in an
*(footnote continued)*

use the boilerplate language by which Plaintiff's counsel now claims to have been mislead. *See* Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, p. 6.

*Carter v. Dep't of Veterans Affairs,* No. 06-20494, 2007 WL 1017064 (5th Cir. Mar. 29, 2007) (per curiam), reaffirmed that the 90-day statutorily required period begins to run upon delivery of an agency's final agency decision to a plaintiff's attorney. In that case, notice of the agency's final agency decision was delivered to the building of the plaintiff's attorney on December 29, when the attorney was on vacation and his office was closed. The notice was signed for by an employee of the landlord and was left in the building's central mailing facility. On January 3, the plaintiff's attorney's office reopened and the notice was retrieved by an employee of the attorney.

The Court of Appeals held that the 90-day period began to run on December 29, upon delivery of the notice to the attorney's building. Additionally, the court denied the defendant's request for equitable tolling, holding that the fact that the plaintiff's attorney was on vacation did not warrant tolling of the 90-day period. *Carter,* 2007 WL 1017064, at *2. Here, too, the 90-day period began to run upon delivery of the Defendant's Final Agency Decision to the office of the Plaintiff's attorney.

In conclusion, the Plaintiff did not satisfy the statutorily required 90-day period for filing her lawsuit. There is no basis for equitable tolling of that 90-day period because the late filing resulted from the Plaintiff's attorney's failure to meet a statutorily required deadline of which he was well aware. Accordingly, summary judgment

---

appropriate U.S. District Court within ninety (90) calendar days of the date Complainant receives this Final Agency Decision."

should be granted in favor of the Defendant based on the Plaintiff's failure to comply with the statute of limitations.

                                                  Respectfully submitted,

                                                  /s/ Barbara Sarshik
                                                  _____
                                                  Barbara Sarshik
                                                  D.C. Bar No. 943605
                                                  Counsel, Legal Division
                                                  Federal Deposit Insurance Corporation
                                                  3501 N. Fairfax Drive (VS-E6012)
                                                  Arlington, VA 22226
                                                  (703) 562-2309
                                                  (703) 562-2482 (Fax)

                                                  William S. Jones
                                                  Georgia Bar No. 404288
                                                  Counsel, Legal Division
                                                  Federal Deposit Insurance Corporation
                                                  3501 N. Fairfax Drive (VS-E6006)
                                                  Arlington, VA 22226
                                                  (703) 562-2362
                                                  (703) 562-2482 (Fax)

                                                  Attorneys for Defendant

Dated: June 5, 2007