UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                            )
MARY E. BASS,               )
                            )
       Plaintiff,           )
                            )
  v.                        )   Civil Action No. 06-1345 (GK)
                            )
SHEILA C. BAIR,             )
Chairman, Federal Deposit   )
Insurance Corporation,      )
                            )
       Defendant.           )
_____)

## MEMORANDUM OPINION

Plaintiff Mary E. Bass brings this action alleging racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., against Sheila C. Bair, Chairman of the Federal Deposit Insurance Corporation. This matter is before the Court on Defendant's First Motion for Summary Judgment. [**Dkt. No. 14**]. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Defendant's First Motion for Summary Judgment is **granted**.[1]

---

[1] Because the arguments raised in Defendant's First Motion for Summary Judgment are dispositive, the Court need not analyze the issues raised by Defendant's recently filed Second Motion for Summary Judgment [Dkt. No. 25].

## I. BACKGROUND[2]

On March 11, 2005, Plaintiff Mary Bass filed a formal administrative complaint with the Federal Deposit Insurance Corporation ("FDIC") alleging discrimination in violation of Title VII. Several weeks later, on March 29, 2005, she informed the FDIC, through a Designation of Representation, that attorney David Shapiro was representing her in the matter. In that Designation, Plaintiff expressly authorized Mr. Shapiro to "act for me in all matters pertaining to my discrimination claims." Declaration of Susan Berman, Dec. 18, 2006 ("Berman Decl."), Ex. 1.

The FDIC denied Plaintiff's administrative complaint on April 25, 2006. The next day, on April 26, 2006, the FDIC sent a copy of its Final Agency Decision to Mr. Shapiro and to the Plaintiff by certified mail. United States Postal Service records show that the decision was delivered to Mr. Shapiro's office on April 27, 2006 and to the Plaintiff on May 1, 2006.

Plaintiff filed her Complaint in this Court on July 28, 2006, ninety-two days after Mr. Shapiro's office had received notice of the FDIC's decision. Mr. Shapiro continues as her counsel.

## II. STANDARD OF REVIEW

Summary judgment will be granted when the pleadings, depositions, answers to interrogatories and admissions on file,

---

[2] Unless otherwise noted, the facts set forth herein are undisputed and drawn from Defendant's Statement of Undisputed Material Facts submitted pursuant to Local Civil Rule 7(h).

together with any affidavits or declarations, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). A fact is "material" if it might affect the outcome of the action under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Once the moving party makes its initial showing, however, the nonmoving party must demonstrate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. Accordingly, the nonmoving party must provide evidence that would permit a reasonable jury to find in his or her favor. Liberty Lobby, 477 U.S. at 255-56. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Liberty Lobby, 477 U.S. at 249-50 (citations omitted). In reviewing the evidence, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

**III. ANALYSIS**

    **A.  The Complaint Was Not Filed Within the Ninety Day Period Required by 42 U.S.C. § 2000e-16(c)**

A federal employee asserting claims against his or her employer under Title VII must file suit within ninety days of receipt of notice of the agency's final administrative action. 42 U.S.C. § 2000e-16(c). "Courts apply this limit strictly and 'will dismiss a suit for missing the deadline by even one day.'" Woodruff v. Peters, 482 F.3d 521, 525 (D.C. Cir. 2007) (quoting Wiley v. Johnson, 436 F. Supp. 2d 91, 96 (D.D.C. 2006)).

The ninety-day time period begins to run upon receipt, by the plaintiff's counsel, of notice of the agency's final administrative action. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 92-93 (1990). "Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts...which can be charged upon the attorney." Id. at 92 (internal quotation marks omitted).

In this case, it is uncontested that the Complaint was filed ninety-two days after Plaintiff's counsel received notice of the FDIC's final administrative action. Plaintiff's claim is therefore untimely.

    **B.  The Application of Principles of Equitable Tolling Is Not Appropriate in this Case**

The time restrictions present in Title VII are not jurisdictional and are subject to principles of equitable tolling.

4

Mondy v. Sec'y of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988). However, "[t]he court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances." Id. Such instances include where (1) "a claimant has received inadequate notice," (2) "where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction," (3) "where the court has led the plaintiff to believe that she had done everything required of her," or (4) "where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon." Id.

Equitable tolling does not apply "where the claimant failed to exercise due diligence in preserving his legal rights." Irwin, 498 U.S. at 96. The plaintiff has the burden of pleading and proving any equitable reasons for his or her failure to comply with Title VII's time requirements. Saltz v. Lehman, 672 F.2d 207, 209 (D.C. Cir. 1982).

In this case, Plaintiff argues that she was mislead by the FDIC into believing that the ninety-day period ran from the time she personally received notice of the FDIC's Final Agency Decision. She points to language in the decision which states:

> If Complainant elects not to appeal to the EEOC, Complainant has the right to file a civil action in federal district court on claims raised in the administrative process. A civil action may be filed in an appropriate U.S. District Court within ninety (90)

>    calendar days of the date <u>Complainant</u> receives this Final
>    Agency Decision.

Berman Decl., Ex. 2 at 10 (emphasis added). She argues that the language mislead her to believe that the ninety-day period would only begin to run when she, and not her counsel, received notice of the FDIC's decision and that she acted in justifiable reliance on this information. In support of this argument, she points to other language in the decision that unambiguously states that the separate thirty-day period for filing an appeal with the EEOC begins to run when the Complainant's <u>attorney</u> receives notice of the agency decision.

   This argument is unpersuasive. Plaintiff's counsel, David Shapiro, is an experienced lawyer who has successfully litigated many Title VII cases in this Court.[3] He has represented the Plaintiff since shortly after she filed her formal administrative complaint with the FDIC in 2005. Given his experience, it is hard to believe that he was not aware of the Supreme Court's decision in <u>Irwin</u> that Title VII's time requirements begin to run when the plaintiff's attorney has received notice of an agency's final administrative action. Indeed, "[a]n attorney is presumed to have a working knowledge of Title VII's filing requirements" and his or

---

[3] By Defendant's count, which Plaintiff does not dispute, Mr. Shapiro is counsel of record in 138 cases before this Court, of which approximately 117 involve Title VII claims. Mr. Shapiro is also counsel of record in nineteen cases filed against the FDIC.

her client is constructively charged with that knowledge. Wagher v. Guy's Foods, Inc., 768 F. Supp. 321, 326 (D. Kan. 1991).

> Neither the client nor the attorney can justifiably rely on any representation of the EEOC which contradicts or is inconsistent with that knowledge. The concept of notice to an attorney constituting notice to the client is so firmly rooted in our judicial system that plaintiff's failure to act upon the notice to her attorney bars any equitable relief.

Id. Accordingly, a plaintiff may not justifiably rely on a representation which "contradicts or is inconsistent with that knowledge," id., especially when her counsel is an experienced Title VII litigator. In any event, whether Mr. Shapiro was or was not aware of Irwin, he should have been. Most significantly, Mr. Shapiro provides absolutely no explanation for why he was unable to file this case in this Court in a timely manner.

Because she was represented by competent, experienced counsel in litigating her Title VII claim before the FDIC, Plaintiff cannot claim now that she was somehow mislead by ambiguous language in the FDIC's Final Agency Decision regarding Title VII's time restrictions for filing a complaint in federal district court.[4]

---

[4] Plaintiff's argument, that the language used in the FDIC's Final Agency Decision is confusing and ambiguous, is by no means frivolous. If Plaintiff was proceeding pro se, that argument would be even stronger. However, because her attorney is an experienced Title VII litigator and since she is constructively charged with his knowledge of the law, her argument must ultimately fail.

However, it behooves Defendant, as well as other agencies which use the same form language, to rewrite their notice materials so as to avoid any confusion on the part of either complainants or
(continued...)

For these reasons Plaintiff has failed to meet her burden to prove that the delay in filing this case was anything more than the result of neglect and lack of due diligence.  Therefore, equitable tolling is not justified.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment [**Dkt. No. 14**] is **granted**.

An Order shall accompany this Memorandum Opinion.


October 16, 2007                     /s/
                                    Gladys Kessler
                                    United States District Judge

**Copies to: Attorneys of record via ECF**

---

[4](...continued)
their counsel.